IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., | ) | Case No. 14-10717 (___) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| KOOSHAREM, LLC, | ) | Case No. 14-10718 (___) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NEW KOOSHAREM CORPORATION, | ) | Case No. 14-10719 (___) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| REAL TIME STAFFING SERVICES, INC., | ) | Case No. 14-10720 (___) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| REMEDY INTELLIGENT STAFFING, INC., | ) | |
| | ) | Case No. 14-10721 (___) |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| REMEDY STAFFING, INC., | ) | Case No. 14-10722 (___) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| REMEDYTEMP, INC., | ) | Case No. 14-10723 (___) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REMEDY TEMPORARY SERVICES, INC., | ) Case No. 14-10724 (____) |
| | ) |
| Debtor. | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REMX, INC., | ) Case No. 14-10725 (____) |
| | ) |
| Debtor. | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SELECT CORPORATION, | ) Case No. 14-10730 (____) |
| | ) |
| Debtor. | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SELECT NURSING SERVICES, INC., | ) Case No. 14-10731 (____) |
| | ) |
| Debtor. | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SELECT PEO, INC., | ) Case No. 14-10732 (____) |
| | ) |
| Debtor. | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SELECT PERSONNEL SERVICES, INC., | ) Case No. 14-10733 (____) |
| | ) |
| Debtor. | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SELECT SPECIALIZED STAFFING, INC., | ) Case No. 14-10726 (____) |
| | ) |
| Debtor. | ) |
| | ) |

DOCS_SF:76938.4 50005/001

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SELECT TEMPORARIES, INC., | ) Case No. 14-10734 (____) |
| | ) |
|      Debtor. | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SELECT TRUCKING SERVICES, INC., | ) Case No. 14-10735 (____) |
| | ) |
|      Debtor. | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TANDEM STAFFING SOLUTIONS, INC., | ) Case No. 14-10736 (____) |
| | ) |
|      Debtor. | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WESTAFF, INC., | ) Case No. 14-10728 (____) |
| | ) |
|      Debtor. | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WESTAFF (USA), INC., | ) Case No. 14-10738 (____) |
| | ) |
|      Debtor. | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WESTAFF SUPPORT, INC. | ) Case No. 14-10737 (____) |
| | ) |
|      Debtor. | ) |
| | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REMCSC LLC, | ) Case No. 14-10729 (____) |
| | ) |
|      Debtor. | ) |
| | ) |

3

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| REMUT LLC | ) Case No. 14-10727 (____) |
| | ) |
| Debtor. | ) |
| _____ | ) |

## DEBTORS' MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY

The above-captioned debtors and debtors in possession (the "Debtors") hereby move (the "Motion") the Court for the entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* ("Local Rules"), authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local Rule 1015-1.

4

## Background

### A.   General

3.      On the date hereof (the "Petition Date"), the Debtors commenced these

cases (the "Cases") by filing voluntary petitions for relief under chapter 11 of the Bankruptcy

Code.

4.      The Debtors have continued in the possession of their property and have

continued to operate and manage their business as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

5.      No official committee has been appointed by the Office of the United

States Trustee.

6.      Certain of the Debtors were founded in Santa Barbara, California, in 1985,

and today the Debtors are a leading national provider of temporary staffing services in the United

States and are the largest provider of temporary staffing services in California.  Through a

network of company-owned and franchise agent offices, the Debtors offer a wide range of

temporary staffing solutions across many service categories, including light industrial, clerical,

accounting and finance, and information technology.  The Debtors' customers include Fortune

1000 companies as well as small and mid-sized local and regional companies that operate in a

variety of industries, such as manufacturing, services, retail, and banking as well as

governmental agencies.

7.      The Debtors provide these services on temporary, "temp-to-hire," and

project-by-project bases through a network of 312 offices in 48 states.  As of the Petition Date,

5

the Debtors had 167 company-owned offices and 145 independently managed franchise agent

offices. The Debtors currently employ approximately 75,000 full and part time employees in

hourly, salaried, supervisory, management, and sales positions (the "Associates"). In addition,

the Debtors employ approximately 1,500 corporate and branch employees (together with the

Associates, the "Employees") that manage the work assignments of the Associates. Most of the

Debtors' Employees work on assignment at over 10,000 client companies. During the fiscal year

ended December 29, 2013, the Debtors placed approximately 300,000 temporary Employees and

provided staffing services to approximately 11,500 customers. For the 2013 fiscal year, the

Debtors had approximately $2 billion in gross revenue.

    8.  The factual background relating to the Debtors' commencement of these

chapter 11 cases is set forth in detail in the *Declaration of Randall S. Eisenberg in Support of*

*First Day Motions* (the "Eisenberg Declaration") filed contemporaneously with this Motion and

incorporated herein by reference.

**B.**  **The Prepetition Restructuring**

    9.  Contemporaneously with the filing of the Cases, the Debtors filed their

*Joint Plan of Reorganization for Ablest Inc., et al.* (the "Plan"). The Plan is a "prepackaged"

reorganization plan. The Plan is supported by the committee of the holders of the majority of the

Claims under that certain First Lien Credit and Guaranty Agreement, dated as of July 12, 2007

(as amended, supplemented or otherwise modified prior to the date hereof, and including all

exhibits and other ancillary documentation in respect thereof, "Prepetition First Lien Credit

Agreement" and the lenders party thereto, the "Prepetition First Lien Lenders"), and the holders

of the majority of the Claims under that certain Second Lien Credit and Guaranty Agreement, dated as of July 12, 2007 (as amended, supplemented or otherwise modified prior to the date hereof, and including all exhibits and other ancillary documentation in respect thereof, the "Prepetition Second Lien Credit Agreement" and the lenders party thereto, the "Prepetition Second Lien Lenders") (such committee, the "Steering Committee"), as well as the Debtors' principal equity holder (the "Consenting Equity Holder").

          10.    The Debtors solicited and obtained, prior to commencing these Cases, the requisite acceptances of their Prepetition First Lien Lenders and Prepetition Second Lien Lenders, which constitute the only impaired creditor classes under the Plan (other than holders of prepetition warrants). The Plan provides for a significant deleveraging of the Debtors' balance sheet and the infusion of $225 million of new equity, which should greatly enhance the Debtors' ability to reorganize successfully and expeditiously. The Plan provides for the full reinstatement of the legal, equitable and contractual rights of Holders of general unsecured claims and payment in full of such claims on the Effective Date or when otherwise due accordingly.

### Relief Requested

          11.    By this Motion, the Debtors seek entry of an order directing the joint administration of their chapter 11 cases and the consolidation thereof for procedural purposes only.

          12.    The Debtors also request that the caption of their chapter 11 cases be modified as follows to reflect their joint administration:

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., et al.[1] | ) | Case No. 14-10717 (____) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ablest Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT LLC (0793). The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara, CA 93105.

13.    In addition, the Debtors request that the Court authorize and direct the

Clerk of this Court (the "Clerk") to make a notation substantially similar to the following on the

docket of each Debtor:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only. The docket in case no. 14-_____ (____) should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order:
>
> Ablest Inc., Case No. 14-10717 (___); Koosharem, LLC, Case No. 14-10718 (___); New Koosharem Corporation, Case No. 14-10719 (___); Real Time Staffing Services, Inc., Case No. 14-10720 (___); Remedy Intelligent Staffing, Inc., Case No. 14-10721 (___); Remedy Staffing, Inc., Case No. 14-10722 (___); RemedyTemp, Inc., Case No. 14-10723 (___); Remedy Temporary Services, Inc., Case No. 14-10724 (___); RemX, Inc., Case No. 14-10725 (___); Select Corporation, Case No. 14-10730 (___); Select Nursing Services, Inc., Case No. 14-10731 (___); Select PEO, Inc., Case No. 14-10732 (___); Select Personnel Services, Inc., Case No. 14-10733 (___); Select Specialized Staffing, Inc., Case No. 14-10726 (___); Select Temporaries, Inc., Case No. 14-10734 (___); Select Trucking Services, Inc., Case No. 14-10735 (___); Tandem Staffing Solutions, Inc., Case No. 14-10736 (___); Westaff, Inc., Case No. 14-10728 (___); Westaff (USA), Inc., Case No. 14-10738 (___); Westaff Support, Inc., Case No. 14-10737 (___); RemSC LLC, Case No. 14-10729 (___) and RemUT LLC Case No. 14-10727 (___).

14.      Finally, the Debtors request that the Court authorize the use of a combined service list and corresponding combined notices for the jointly administered cases.

**Basis for Relief**

15.      Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. *See* Fed. R. Bankr. P. 1015(b). Additionally, Rule 1015-1 of the Local Rules permits entry of such an order without notice or a hearing so long as the Debtors demonstrate that such joint administration is warranted.

16.      Joint administration is warranted in these chapter 11 cases because (a) the Debtors' financial affairs and business operations are closely related, (b) such administration will ease the administrative burden on the Court and other parties, and (c) joint administration will protect creditors of different estates from potential conflicts of interest.

17.      Joint administration also is appropriate because each of the Debtors operate as part of a larger enterprise. The Debtors are under common ownership and common management, and they share in common many creditors and other parties in interest. As a result, joint administration would prevent duplication of effort and unnecessary expenses because the Debtors, any creditors' committee and other parties in interest could monitor only one docket. The Debtors submit that jointly administering their cases under these circumstances would benefit all parties in interest without any risk of prejudice. *See, e.g., In re LCI Holding Co.*, Case No. 12-13319 (KG) (Bankr. D. Del. Dec. 13, 2012) (jointly administering the cases of 35 affiliated debtor entities; *In re Visteon Corp.*, Case No. 09-11786 (CSS) (Bankr. D. Del. May 29,

9

2009) (jointly administering the cases of 31 affiliated debtor entities); *In re Source Interlink*

*Cos.,* Case No. 09-11424 (KG) (Bankr. D. Del. Apr. 29, 2009) (jointly administering the cases of

18 affiliated debtor entities).

18.    The Debtors anticipate that numerous notices, applications, motions, other

pleadings, hearings, and orders in these cases will affect all of the Debtors.  With twenty

affiliated debtors, each with its own case docket, the failure to administer these cases jointly

would result in numerous duplicative pleadings filed for each issue and served upon separate

service lists.  Such duplication of substantially identical documents would be extremely wasteful,

and the volume of paper would unnecessarily overburden the Clerk.

19.    Joint administration will permit the Clerk to use a single general docket

for all of the Debtors' cases and to combine notices to creditors and other parties in interest of

the Debtors' respective estates.  Joint administration also will protect parties in interest by

ensuring that such parties in interest in each of the Debtors' respective chapter 11 cases will be

apprised of the various matters before the Court in all of these cases.

20.    The Debtors request that the official caption to be used by all parties in all

pleadings in the jointly administered cases be in the form set forth in paragraph 10 of this

Motion.

21.    The Debtors submit that use of the simplified caption, without reference in

the caption to the additional Debtors and their states of incorporation, will eliminate cumbersome

and confusing procedures and ensure a uniformity of pleading identification.

22.     The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights, nor shall such relief be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court also will be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee also will be simplified.

### Notice

23.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Steering Committee; (iii) the Prepetition First Lien Agent; (iv) the Prepetition Second Lien Agent; and (v) the Consenting Equity Holder. Because the Motion is seeking "first day" relief, within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion as required by Delaware local Bankruptcy Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

DOCS_SF:76938.4 50005/001

**No Prior Request**

24.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) authorizing the joint administration of the Debtors' cases for procedural purposes only; (b) directing the Clerk to make the docket entries set forth herein, and (c) granting such other and further relief as this Court deems appropriate.

Dated: April 1, 2014

PACHULSKI STANG ZIEHL & JONES LLP

Jeffrey N. Pomerantz (CA Bar No. 143717)
Debra I. Grassgreen (CA Bar No. 169978)
James E. O'Neill (Bar No. 4042)
Jeffrey W. Dulberg (CA Bar No. 181200)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:jpomerantz@pszjlaw.com
        dgrassgreen@pszjlaw.com
        joneill@pszjlaw.com
        jdulberg@pszjlaw.com

[Proposed] Co-Counsel to Debtors and
Debtors in Possession