**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., et al.,[1] | ) | Case No.  14-10717 (____) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**ORDER PURSUANT TO 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
KURTZMAN CARSON CONSULTANTS LLC AS ADMINISTRATIVE
AGENT, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the application (the "Section 327 Application")[2] of Ablest

Inc., et al., as debtors and debtors in possession (the "Debtors") for entry of an order (the

"Order") pursuant to sections 327(a), 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and the Local Bankruptcy Rules authorizing the retention of Kurtzman

Carson Consultants LLC ("KCC") as administrative agent in the Debtors' chapter 11 cases on

the terms and conditions set forth in the agreement between the Debtor and KCC (the "Retention

Agreement") and all as described more fully in the Section 327 Application; and upon the

Declaration of Evan Gershbein, KCC's Senior Vice President, Corporate Restructuring Services,

submitted in support of the Section 156(c) Application (the "Gershbein Declaration"); and the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ablest Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT LLC (0793).  The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara, CA 93105.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Section 327 Application.

Debtors having estimated that the size and complexity of their cases warrants the retention of an agent to assist with certain administrative duties; and the Court being satisfied that KCC has the capability and experience to provide such services and that KCC does not hold an interest adverse to the Debtors or their estates respecting matters upon which it is to be engaged; and it appearing that the Court has jurisdiction to consider the Section 327 Application and the relief requested therein in accordance with 28 U.S.C. § 157(b)(2)(A), (B), and (O); and it appearing that venue is proper in this district pursuant to 28 U.S.C. § 1408; and it appearing that KCC is disinterested and eligible for retention pursuant to sections 101(14) and 327(a) of the Bankruptcy Code and that the terms of the Retention Agreement are reasonable and appropriate; and good and sufficient notice of the Section 327 Application having been given and no other or further notice being required; and it appearing that the employment of KCC is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Section 327 Application is granted to the extent provided herein;

2.      The Debtors are authorized to retain and employ KCC as administrative agent subject to the terms of the Section 327Application and the KCC Agreement to perform the Professional Services;

3.      KCC is authorized to take such other action to comply with all duties set forth in the Section 327 Application;

4.      KCC shall apply to the Court for allowances of compensation and reimbursement of out-of-pocket expenses incurred in this case after the Petition Date in

accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules, the guidelines established by the United States Trustee for the District of Delaware

and further orders of this Court.  If KCC's fees increase from the fees set forth in the KCC

Agreement, KCC shall file an affidavit with the Court describing such increases.

      5.     The Debtors shall indemnify KCC solely to the extent set forth in the KCC

Agreement.

      6.     Notwithstanding any provision to the contrary in the KCC Agreement,

KCC may hold its retainer as security for payment of expenses only (and not fees) incurred in

performance of the Professional Services.

      7.     Ten business days' notice must be provided by KCC to the Debtors, the

United States Trustee and any official committee prior to any increases in any of the KCC's rates

for any individual retained by KCC, and such notice must be filed with the Court.  The United

States Trustee retains all rights to object to any rate increase on all grounds including, but not

limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and

the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy

Code.

      8.     Notwithstanding any provision to the contrary in the KCC Agreement, any

dispute relating to the services provided by KCC shall be referred to arbitration consistent with

the terms of the KCC Agreement only to the extent that this Court does not have, retain or

exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the form for

resolving fee disputes.

9.      The Debtors shall indemnify KCC under the terms of the KCC

Agreement; subject to the following:

a.      KCC shall not be entitled to indemnification, contribution or

reimbursement pursuant to the KCC Agreement for services other than the services provided

under the KCC Agreement, unless such services and the indemnification, contribution or

reimbursement therefore are approved by the Court.

b.      Notwithstanding anything to the contrary in the KCC Agreement,

the Debtors shall have no obligation to indemnify KCC, or provide contribution or

reimbursement to KCC, for any claim or expense that is either:  (i) judicially determined (the

determination having become final) to have arisen from KCC's gross negligence, willful

misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of

KCC's contractual obligations if the Court determines that indemnification, contribution or

reimbursement would not be permissible pursuant to *In re United Artists Theatre Co., et al.*, 315

F.3d 217 (3d Cir.  2003), or (iii) settled prior to a judicial determination under (i) or (ii), but

determined by this Court, after notice and a hearing, to be a claim or expense for which KCC

should not receive indemnity, contribution or reimbursement under the terms of the KCC

Agreement as modified by this Order.

c.      If, before the earlier of (i) the entry of an order confirming a

chapter 11 plan in these cases (that order having become a final order no longer subject to

appeal), or (ii) the entry of an order closing these cases, KCC believes that it is entitled to the

payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution

and/or reimbursement obligations under the KCC Agreement (as modified by this Order),

including without limitation the advancement of defense costs, KCC must file an application

therefore in this Court, and the Debtors may not pay any such amounts to KCC before the entry

of an order by this Court approving the payment.  This paragraph is intended only to specify the

period of time under which the Court shall have jurisdiction over any request for fees and

expenses by KCC for indemnification, contribution or reimbursement, and not a provision

limiting the duration of the Debtors' obligation to indemnify KCC.  All parties in interest shall

retain the right to object to any demand by Claims and Noticing Agent for indemnification,

contribution or reimbursement.

   10. Notwithstanding anything contained in the KCC Agreement to the

contrary, KCC's liability shall neither be limited to (i) the total amount billed or billable to the

Debtors for the portion of the particular work which gave rise to the loss or damage nor (ii) the

total amount billed to the Debtors and paid to KCC for the services contemplated under the KCC

Agreement.

   11. The KCC Agreement may not be assigned by KCC without permission of

the Court.

   12. The Court retains jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

Dated: _____, 2014

_____
United States Bankruptcy Judge