IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., et al.,[1] | ) | Case No. 14-10717 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

Related Docket No. 6

**ORDER UNDER SECTIONS 345, 363, 503(b), 1107 AND 1108 OF
THE BANKRUPTCY CODE AUTHORIZING (I) MAINTENANCE
OF EXISTING BANK ACCOUNTS, (II) CONTINUED USE OF EXISTING
BUSINESS FORMS, (III) CONTINUED USE OF EXISTING CASH
MANAGEMENT SYSTEM, (IV) CONTINUED PERFORMANCE OF INTERCOMPANY
TRANSACTIONS AND PROVIDING ADMINISTRATIVE PRIORITY STATUS
TO POSTPETITION INTERCOMPANY CLAIMS, AND (V) LIMITED
WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT REQUIREMENTS**

Upon consideration of the motion (the "Motion")[2] filed by the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases seeking entry of an Order under sections 105, 345, 363, 364, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the (i) maintenance of existing bank accounts including the authority to pay routine prepetition banking fees owed to financial institutions, (ii) continued use of existing business forms, (iii) continued use of the existing cash management system for the Debtors, (iv) continued performance of intercompany transactions and provision of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ablest Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT LLC (0793). The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara, CA 93105.

[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

administrative priority to postpetition intercompany claims; and (v) limited waiver of the deposit/investment requirements under section 345(b) of the Bankruptcy Code; and upon the *Declaration Randall S. Eisenberg in Support of First Day Motions*; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O); and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor; it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, (i) to designate, maintain and continue to use, with the same account numbers, all of the bank accounts in existence on the Petition Date, including, without limitation, those accounts identified on Exhibit B to the Motion (the "Bank Accounts"); (ii) to use, in their present form, checks and other documents related to the Bank Accounts; and (iii) to treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; and it is further

ORDERED that the banks set forth on Exhibit B to the Motion and any other bank (collectively, the "Banks") at which any Bank Account is or may be maintained are hereby authorized to continue to service and administer such Bank Account as an account of the Debtors as debtors in possession without interruption and in the usual and ordinary course of business, and to receive, process, honor and pay any and all checks and drafts drawn on the Bank Account

after the Petition Date by the holders or makers thereof, as the case may be; *provided, however*, that any check that the Debtors advise any Bank to have been drawn or issued by the Debtors before the Petition Date may be honored by any Bank only if specifically authorized by order of this Court; and it is further

ORDERED that (i) that certain existing arrangements between the Debtors and the Banks with respect to the Bank Accounts and with respect to the transfers to and from the Bank Accounts shall continue to govern the postpetition cash management relationship between the Debtors and each of the Banks; (ii) the Debtors and each of the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts with notice to the United States Trustee; and (iii) in the course of providing cash management services to the Debtors, each Bank is authorized, without further order of this Court, to continue to deduct from the appropriate accounts of the Debtors, the Bank's customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors; and is further

ORDERED that no later than the close of business on the fifth (5th) business day following entry of this Order, the Debtors shall make reasonable efforts to provide to the Banks a list (the "Prepetition Check List") of applicable checks that have not been honored prior to the Petition Date (the "Prepetition Checks"), designate whether or not such Prepetition Checks should be honored pursuant to any orders entered by the Court, and that a Bank's reasonable reliance on the Prepetition Check List in connection with its honoring or dishonoring of a

Prepetition Check, as the case may be, shall not constitute a violation of this Order; and it is further

ORDERED that each Bank that maintains a disbursement account of any of the Debtors shall implement reasonable handling procedures designed to effectuate the terms of this Order, and no Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtors to honor such prepetition check or item, (ii) in good faith belief that the Court has authorized such prepetition check or item to be honored, or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed in violation of this Order; and it is further

ORDERED that the Debtors may continue to fund their businesses and operations through the Bank Accounts, including without limitation, the Debtors' affiliates that are not in chapter 11; and it is further

ORDERED that the Debtors shall maintain detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtors' Cash Management System. In connection with the ongoing utilization of their Cash Management System, the Debtors shall continue to maintain detailed records with respect to all transfers of cash so that all transactions may be readily ascertained, traced and recorded properly on the applicable accounts; and it is further

ORDERED that nothing contained herein shall prevent the Debtors from opening any new bank accounts or closing any existing bank accounts as they may deem necessary and

appropriate with notice to the United States Trustee, the Debtors' principal lenders, and to any official committee appointed in these cases; *provided, however*, that any new account shall be with a bank that is insured by the Federal Deposit Insurance Corporation and organized under the laws of the United States or any state therein; and it is further

ORDERED that for Banks at which the Debtors hold bank accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the banks to execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee within forty-five days of the date of this Order and any new bank accounts will be opened at Banks which are parties to a Uniform Depository Agreement with the U.S. Trustee; and it is further.

ORDERED that the Debtors are authorized to continue to use their existing Business Forms until such stock is exhausted and are authorized to use their check stock in their current form until such reasonable time as the Debtors are able to effectuate the necessary changes to their software to affix the "Debtor in Possession" label on such checks; and it is further

ORDERED that the Debtors are authorized to continue utilizing their Cash Management System to manage the Debtors' cash, in a manner consistent with the Debtors' prepetition practice; and it is further

ORDERED that the Debtors are authorized to deposit funds, in excess of amounts insured by the Federal Depository Insurance Corporation so long as such funds are deposited in a Bank Account with a bank that has a standing collateral agreements with the Office of the United

States Trustee and that all other deposits shall be within the amounts insured by the Federal Depository Insurance Corporation; and it is further

ORDERED that the requirements of section 345 of the Bankruptcy Code, to the extent applicable, are waived on an interim basis for a period of 60 days from the Petition Date, which period may be further extended by order of the Court at the request of the Debtors, and the Debtors are authorized to continue their prepetition investment practices through (and including) such date;

ORDERED that the authority and approvals granted by the terms of this Order to the Debtors, including with respect to the opening and closing of bank accounts and continuation of their Cash Management System, shall be in all respect subject to any requirements imposed on the Debtors under any approved cash collateral order; and it is further

ORDERED that the Debtors shall cause a copy of this Order to be served on each bank at which a Bank Account is maintained within five (5) business days of the date hereof; and it is further

ORDERED that pursuant to section 503(b)(1) of the Bankruptcy Code, the Debtors are authorized to continue to consummate Intercompany Transactions in the ordinary course of business as may be necessary, and all Intercompany Claims by and against the Debtors are accorded administrative priority expenses status; *provided*, for the avoidance of doubt, that such Intercompany Claims shall at all times be junior and subordinate to (i) the secured claims and administrative priority claims granted to the Debtors' postpetition secured lenders pursuant to any order entered by the Court approving postpetition financing to one or more of the Debtors

("DIP Financing Order"), and (ii) the secured claims held by the Debtors' prepetition secured lenders and any replacement liens and administrative priority claims granted to such secured lenders the relief granted to the Debtors' secured lenders pursuant to any DIP Financing Order or any other order entered by the Court in connection with any of the Debtors' use of approved cash collateral; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion; and it is further

ORDERED that the notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that they apply; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _April 2_, 2014

_____
UNITED STATES BANKRUPTCY JUDGE