IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., et al.,[1] | ) | Case No. 14-10717 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**Related to Docket No. 12**

## ORDER UNDER SECTIONS 105, 361, 362, 364, 1107 AND 1108 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 6003 (A) AUTHORIZING THE DEBTORS TO: (I) MAINTAIN AND RENEW EXISTING INSURANCE POLICIES; (II) CONTINUE INSURANCE PREMIUM FINANCING PROGRAMS, (III) PAY INSURANCE PREMIUM FINANCING OBLIGATIONS ARISING THEREUNDER, AND (B) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL OBLIGATIONS RELATED THERETO

This matter came before the Court on the *Motion of the Debtors for Order Under Sections 105, 361, 362, 363, 364, 1107 and 1108 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6003 (A) Authorizing Debtors to (I) Maintain and Renew Existing Insurance Policies; (II) Continue Insurance Premium Financing Programs; (III) Pay Insurance Premium Financing Obligations Arising Thereunder, and (B) Authorizing Financial Institutions to Honor All Obligations Related Thereto* (the "Motion"). The Court finds that the relief requested in the Motion is in the best interests of the Debtors,[2] their estates and creditors and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ablest Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT LLC (0793). The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara, CA 93105.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

other parties in interest and that, in light of the record of the hearing on the Motion, and after due deliberation thereon and sufficient cause appearing therefor it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is GRANTED, as stated herein.

2.  The Debtors are authorized, but not directed, to maintain their existing insurance policies in the ordinary course of business (including, but not limited to, paying prepetition deductibles, premiums, fees and other expenses), to renew the same as they expire and to pay the insurance policy premiums and fees relating to the Policies as such become due.

3.  The Debtors are authorized to continue their insurance premium financing programs and make any payments that come due under the PFAs.

4.  Without further order of this Court, the Debtors are authorized, but not directed, to renew, revise, extend, supplement, change or enter into additional or new insurance policies as needed in their business judgment, in the ordinary course of business.

5.  The Debtors' applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related to the Policies.

6.  Nothing in this Order or the Motion shall be deemed to constitute postpetition assumption or adoption of any agreement or contract pursuant to section 365 of the Bankruptcy Code.

7.  Notwithstanding anything to the contrary contained herein, any payment made pursuant to this order shall be subject to the requirements imposed on the Debtors under any order of this Court authorizing the Debtors' use of cash collateral.

8.  The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested by the Motion is necessary to avoid immediate and irreparable harm.

9.  Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

10. The Court shall retain jurisdiction over all matters arising from or related to the interpretation or implementation of the Motion or this Order.

11. The Debtors, their employees and agents are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein.

Dated: _April 2_, 2014

Honorable Kevin J. Carey
United States Bankruptcy Judge

- 3 -