## EXHIBIT A

## (Confirmation Hearing Notice)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., et al.,[1] | ) | Case No. 14-10717 (____) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**NOTICE OF (I) COMMENCEMENT OF CHAPTER 11 CASES; (II) IMPOSITION OF AUTOMATIC STAY; AND (III) COMBINED HEARING TO APPROVE (A) DISCLOSURE STATEMENT AND (B) PREPACKAGED JOINT PLAN OF REORGANIZATION FOR ABLEST INC., ET AL. AND RELATED MATTERS**

## COMMENCEMENT OF THE CASES

**PLEASE TAKE NOTICE** that on April 1, 2014 (the "Petition Date"), Ablest Inc., a Delaware corporation and its affiliated Debtors (collectively, the "Debtors") filed bankruptcy petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing their chapter 11 cases (collectively, the "Chapter 11 Cases"). The Debtors, their respective addresses, Chapter 11 Case numbers, and their federal tax identification numbers are listed on **Exhibit "1"** hereto. You may be a creditor of the Debtors. This notice lists important deadlines. You may want to consult an attorney to protect your rights. You will not receive notice of all documents filed in these Chapter 11 Cases. All documents filed with the Bankruptcy Court are available for inspection at the Office of the Clerk of the Bankruptcy Court at 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, or are available at no charge online at http://www.kccllc.net/ablest.

## CREDITORS MAY NOT TAKE CERTAIN ACTIONS

The filing of the Chapter 11 Cases automatically stays certain collection and other actions against the Debtors and the Debtors' property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Common examples of prohibited actions include (i) contacting the Debtors to demand repayment, (ii) taking action against the Debtors to collect money owed to creditors or to take property of the Debtors, (iii) terminating or changing the terms of existing contracts or agreements, and (iv) starting or continuing foreclosure actions or repossessions. A creditor who is considering taking action against the Debtors or the Debtors' property should review section 362 of the Bankruptcy Code and may wish to seek legal advice. The staff of the Bankruptcy Court's Clerk's Office cannot give legal advice.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ablest Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT LLC (0793). The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara, CA 93105.

## COMBINED HEARING ON THE APPROVAL OF THE DISCLOSURE STATEMENT AND PREPACKAGED JOINT PLAN OF REORGANIZATION FOR ABLEST INC., ET AL.

Prior to the Petition Date, the Debtors solicited votes to accept or reject the *Prepackaged Joint Plan of Reorganization for Ablest Inc., et al.* dated March 11, 2014 (the "Plan") from creditors whose rights are impaired under the Plan. As of the voting deadline, the Plan has been accepted by all classes entitled to vote on the Plan, and therefore, may be confirmed by the Bankruptcy Court.

The Bankruptcy Court has scheduled a combined hearing (the "Combined Hearing") to: (i) approve the adequacy of the Disclosure Statement relating to the Plan, dated March 11, 2014 (the "Disclosure Statement"), and (ii) confirm the Plan under the Bankruptcy Code, and has established the deadlines and procedures described herein.

### COMBINED HEARING DATE AND TIME

The Combined Hearing will be held at _____ __.m. on _____, 2014 (Prevailing Eastern Time) before the Honorable _____, United States Bankruptcy Judge for the District of Delaware, in the United States Bankruptcy Court for the District of Delaware, __ Floor, 824 Market Street, Wilmington, Delaware 19801, at which the Bankruptcy Court will consider: (i) approval of the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code, and (ii) confirmation of the Plan. The Combined Hearing may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Combined Hearing, or any continued hearing, or in the agenda for any such hearing.

### OBJECTION DEADLINE AND PROCEDURES

Objections, if any, to (a) the approval of the Disclosure Statement, or (b) confirmation of the Plan must (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) state the name of the applicable Debtor, the name of the objecting party and the amount and nature of the Claim of such Entity in each applicable Chapter 11 Case or the amount of Equity Interests held by such Entity in each applicable Chapter 11 Case; (iv) state with particularity the legal and factual bases and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is **actually received** no later than _____, 2014 at 5:00p.m. (Pacific Time) (the "Objection Deadline") by the parties set forth below (i) the Debtors, Ablest Inc., 3820 State Street, Santa Barbara, CA 93105 (Attn: D. Stephen Sorensen); (ii) proposed counsel for the Debtors, (a) Skadden, Arps, Slate Meagher & Flom LLP, 4 Times Square, New York, New York 10036, (Attn.: Kenneth S. Ziman), and 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071 (Attn: Glenn S. Walter); and (b) Pachulski Stang Ziehl & Jones, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067-4100 (Attn: Jeffrey N. Pomerantz), and 150 California Street, 15th Floor, San Francisco, CA 94111 (Attn: Debra Grassgreen); (iii) counsel for the Steering Committee, (a) Milbank Tweed Hadley & McCloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, CA 90071, (Attn.: Mark Shinderman and Brett Goldblatt); and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347 (Attn: Robert J. Dehney); (iv) counsel to the Prepetition First Lien Agent, (a) Katten Muchin Rosenman LLP, 515 S. Flower Street, Suite 1000, Los Angeles, CA 90071-2212 (Attn: William B. Freeman) and 575 Madison Avenue, New York, NY 10022-2585 (Attn: Karen B. Dine), and (b) Cousins Chipman and Brown LLP, 1007 North Orange Street, Suite 1110, Wilmington, DE 19801 (Attn: Scott D. Cousins); (v) counsel to the Prepetition Second Lien Agent, Dechert LLP, 1095 Avenue of the Americas, New York, NY 10036-6797 (Attn: Allan S. Brilliant and James O. Moore); (vi) counsel for the Consenting Equity Holder, Cole, Schotz, Meisel, Forman & Leonard,

P.A., 301 Commerce Street, Suite 1700 Fort Worth Texas 76102 (Attn: Michael D. Warner), and Court Plaza North, 25 Main Street, Hackensack, NJ 07601 (Attn: Adam J. Sklar); (vii) the Office of the United State Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801; and (viii) those parties who have a filed a notice of appearance in the Chapter 11 Cases. Objections not timely filed and served in the manner set forth above may not be considered and may be overruled.

## OBTAINING COPIES OF THE DISCLOSURE STATEMENT AND PLAN

Any party in interest wishing to obtain a copy of the Disclosure Statement, the Plan, or other pleadings filed by the Debtors in the Chapter 11 Cases may obtain them online at http://www.kccllc.net/ablest or may request such copies at the Debtors' expense by contacting Ablest Ballot Processing Center, c/o KCC (877) 634-7178 or (424) 236-7224 (international callers). Any party in interest wishing to review the Disclosure Statement or the Plan may (a) review such documents during regular business hours (9:00 a.m. to 4:30 p.m. Eastern time weekdays, except legal holidays) at the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 or (b) arrange to review such documents at the offices of proposed counsel for the Debtors (at the addresses set forth below).

## BRIEF SUMMARY OF PLAN

The Plan is a "prepackaged" plan of reorganization. The Plan represents a significant achievement for the Company and should greatly enhance the Company's ability to reorganize successfully and expeditiously through the addition of $225 million of new equity capital pursuant to the Rights Offering. The Plan will also provide an efficient restructuring through the prepackaged process, designed to minimize disruption to the Company's business endeavors, stabilize the Company's balance sheet, and provide a platform for renewed success. Through Confirmation of the Plan implementing the terms of the pre-packaged restructuring, the Company will restructure and substantially deleverage its balance sheet; reduce its cash interest expense to a level that is aligned with its expected future cash flows; retain additional flexibility to invest in growth initiatives to maximize enterprise value; and obtain favorable pricing to the Company under a new $350 million term loan and $120 million asset-based revolving loan facility. The Company also will improve its liquidity position from its operations during the forecasted period. For all of these reasons, the Company believes that it will have sufficient liquidity during the course of the Chapter 11 Cases and will be well-positioned going forward.

As of April 1, 2014, the Debtors have outstanding secured debt in an aggregate amount, including accrued interest, of approximately $651 million. Upon emergence from chapter 11, the Reorganized Debtors expect to have outstanding term debt of approximately $350 million. The Reorganized Debtors also expect to have access to a new asset based revolving credit facility in a principal amount up to $120 million that will be used to finance operations. Accordingly, the Reorganized Debtors will have a significantly deleveraged and improved balance sheet and a more appropriate capital structure.

The following chart summarizes the treatment provided by the Plan to each class of Claims and Interests and indicates the acceptance or rejections of the Plan by each class entitled to vote.

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 1 | Priority Claims | Unimpaired | Deemed to Accept |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 3 | Secured Tax Claims | Unimpaired | Deemed to Accept |

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 4 | Prepetition First Lien Loan Claims | Impaired | Entitled to Vote |
| 5 | Prepetition Second Lien Loan Claims | Impaired | Entitled to Vote |
| 6 | SCIF Claims | Unimpaired | Deemed to Accept |
| 7 | General Unsecured Claims | Unimpaired | Deemed to Accept |
| 8 | Prepetition Warrants | Impaired | Deemed to Reject |
| 9 | Equity Interests in Parent | Impaired | Deemed to Reject |
| 10 | Equity Interests in Subsidiaries | Unimpaired | Deemed to Accept |

**In addition, the Plan contains the release and injunction provisions set forth on Exhibit 2 hereto.**

## FILING CLAIMS AGAINST THE DEBTORS

The Bankruptcy Court has not established a deadline for filing proofs of claim at the present time. Should the Bankruptcy Court establish a claims bar deadline, you will receiver further notice at such time. As a result, although creditors may, they are not requested to file claims at this time. Should the Bankruptcy Court establish a claims bar deadline, separate notice of the deadlines to file proofs of claim and a proof of claim form will be provided to the Debtors' known creditors. Should a creditor desire to file a proof of claim at this time, proof of claim forms are available from the Bankruptcy Court's website at www.deb.uscourts.gov. Also, KCC is the claims agent in these Chapter 11 Cases and you can obtain a proof of claim form through KCC's website, http://www.kccllc.net/ablest or by contacting Ablest Ballot Processing Center, c/o KCC (877) 634-7178 or (424) 236-7224 (international callers). Proofs of claim should be filed with KCC by following the instructions available on KCC's website or by contacting KCC at the number set forth above.

If you have any questions about the status of your claim(s) and/or interest(s), you should contact Ablest Ballot Processing Center, c/o KCC (877) 634-7178 or (424) 236-7224 (international callers).

Dated: _____, 2014          PACHULSKI STANG ZIEHL & JONES LLP

_____
Jeffrey N. Pomerantz (CA Bar No. 143717)
Debra Grassgreen (CA Bar No. 169978)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: jpomerantz@pszjlaw.com
    dgrassgreen@pszjlaw.com
    joneill@pszjlaw.com
    jdulberg@pszjlaw.com
[Proposed] Co-Counsel to Debtors and Debtors in Possession

**EXHIBIT 1**

| Debtor | Address | Case No. | Tax I.D. No. |
|---|---|---|---|
| Ablest Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 65-0978462 |
| Koosharem, LLC | 3820 State Street<br>Santa Barbara, CA 93105 | | 93-00994537 |
| New Koosharem Corporation | 3820 State Street<br>Santa Barbara, CA 93105 | | 27-2269356 |
| Real Time Staffing Services, Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 77-0528189 |
| Remedy Staffing, Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 26-0900080 |
| RemedyTemp, Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 95-2890471 |
| Remedy Temporary Services, Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 33-0867385 |
| Remx, Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 33-0867388 |
| Select Specialized Staffing, Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 26-1915550 |
| Select Corporation | 3820 State Street<br>Santa Barbara, CA 93105 | | 77-0576624 |
| Select Nursing  Services, Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 26-1915846 |
| Select PEO, Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 26-1888521 |
| Select Personnel Services, Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 77-0528298 |
| Select Temporaries, Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 77-0077607 |
| Select Trucking Services, Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 26-1915722 |
| Tandem Staffing Solutions, Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 30-0015919 |
| Westaff, Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 94-1266151 |
| Westaff Support, Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 68-0431039 |
| Westaff (USA), Inc. | 3820 State Street<br>Santa Barbara, CA 93105 | | 68-0095781 |
| RemSC LLC | 3820 State Street<br>Santa Barbara, CA 93105 | | 46-3828072 |
| RemUT LLC | 3820 State Street<br>Santa Barbara, CA 93105 | | 46-3800793 |

**Exhibit 2**

**PLAN RELEASES**

Article XI.B of the Plan, entitled "Release" provides:

> EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE
> CONSIDERATION PROVIDED BY EACH OF THE RELEASED PARTIES, THE
> ADEQUACY OF WHICH IS HEREBY ACKNOWLEDGED AND CONFIRMED, THE
> DEBTORS AND REORGANIZED DEBTORS, IN THEIR INDIVIDUAL CAPACITIES
> AND AS DEBTORS IN POSSESSION (COLLECTIVELY, THE "DEBTOR RELEASING
> PARTIES") WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY,
> UNCONDITIONALLY, IRREVOCABLY, AND FOREVER PROVIDED A FULL
> DISCHARGE, WAIVER AND RELEASE TO THE RELEASED PARTIES (AND EACH
> SUCH RELEASED PARTY SO RELEASED SHALL BE DEEMED FOREVER
> RELEASED, WAIVED AND DISCHARGED BY THE DEBTOR RELEASING PARTIES)
> AND THEIR RESPECTIVE PROPERTIES FROM ANY AND ALL CLAIMS, CAUSES
> OF ACTION, LITIGATION CLAIMS AND ANY OTHER DEBTS, OBLIGATIONS,
> RIGHTS, SUITS, DAMAGES, ACTIONS, REMEDIES, AND LIABILITIES
> WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR
> UNFORESEEN, EXISTING AS OF THE EFFECTIVE DATE OR THEREAFTER
> ARISING, IN LAW, AT EQUITY, WHETHER FOR TORT, CONTRACT, OR
> OTHERWISE, BASED IN WHOLE OR IN PART UPON ANY ACT
> OR OMISSION, TRANSACTION, OR OTHER OCCURRENCE OR CIRCUMSTANCES
> EXISTING OR TAKING PLACE PRIOR TO OR ON THE EFFECTIVE DATE ARISING
> FROM OR RELATED IN ANY WAY IN WHOLE OR IN PART TO THE DEBTORS,
> THE CHAPTER 11 CASES, INCLUDING, WITHOUT LIMITATION, THE
> PREPETITION SECURED LOANS, THE BACKSTOP AGREEMENT, THE LENDER
> RSA, THE RIGHTS OFFERING, THE SORENSEN SUPPORT AGREEMENT, THE DIP
> FACILITY, THE DISCLOSURE STATEMENT, THE PLAN OR THE SOLICITATION
> OF VOTES ON THE PLAN THAT SUCH DEBTOR RELEASING PARTY WOULD
> HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR
> COLLECTIVELY) OR THAT ANY HOLDER OF A CLAIM OR EQUITY INTEREST OR
> OTHER ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT FOR OR
> ON BEHALF OF THE DEBTORS, THEIR ESTATES OR THE REORGANIZED
> DEBTORS (WHETHER DIRECTLY OR DERIVATIVELY) AGAINST ANY OF THE
> RELEASED PARTIES; PROVIDED, HOWEVER, THAT THE FOREGOING
> PROVISIONS OF THIS RELEASE SHALL NOT OPERATE TO WAIVE OR RELEASE
> (I) ANY CAUSES OF ACTION EXPRESSLY SET FORTH IN AND PRESERVED BY
> THE PLAN OR THE PLAN SUPPLEMENT; (II) ANY CAUSES OF ACTION ARISING
> FROM FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT AS
> DETERMINED BY FINAL ORDER OF THE BANKRUPTCY COURT OR ANY OTHER
> COURT OF COMPETENT JURISDICTION; AND/OR (III) THE RIGHTS OF SUCH
> DEBTOR RELEASING PARTY TO ENFORCE THE PLAN AND THE CONTRACTS,
> INSTRUMENTS, RELEASES AND OTHER AGREEMENTS OR DOCUMENTS
> DELIVERED UNDER OR IN CONNECTION WITH THE PLAN OR ASSUMED
> PURSUANT TO THE PLAN OR ASSUMED PURSUANT TO FINAL ORDER OF THE
> BANKRUPTCY COURT. THE FOREGOING RELEASE SHALL BE EFFECTIVE AS OF
> THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ORDER OF THE
> BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW,

REGULATION, ORDER, OR RULE OR THE VOTE, CONSENT, AUTHORIZATION OR
APPROVAL OF ANY PERSON AND THE CONFIRMATION ORDER WILL
PERMANENTLY ENJOIN THE COMMENCEMENT OR PROSECUTION BY ANY
PERSON OR ENTITY, WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, OF
ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS,
DEBTS, RIGHTS, CAUSES OF ACTION, OR LIABILITIES RELEASED PURSUANT
TO THIS RELEASE. NOTWITHSTANDING THE FOREGOING, THE DEBTORS ARE
NOT RELEASING THE DEBTORS (BUT THEY ARE RELEASING THE RELATED
PERSONS TO THE DEBTORS PURSUANT TO THIS PARAGRAPH.

Article XII of the Plan, entitled "Third Party Release" provides:

A.  Creditors Release

AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE,
EACH CREDITOR RELEASING PARTY, FOR ITSELF AND ITS RESPECTIVE
RELATED PERSONS, IN EACH CASE IN THEIR CAPACITY AS SUCH
RELATED PERSON, SHALL BE DEEMED TO HAVE RELEASED (I) EACH
OTHER CREDITOR RELEASING PARTY AND (II) THE SORENSEN PARTIES
AND EACH NON-DEBTOR AFFILIATE OF ANY SORENSEN PARTY FROM
ANY AND ALL DIRECT CLAIMS AND CAUSES OF ACTION HELD BY SUCH
CREDITOR RELEASING PARTY WHATSOEVER, OR IN ANY MANNER
ARISING FROM OR RELATED TO, IN WHOLE OR IN PART, THE RELEASE
MATTERS; PROVIDED, HOWEVER, THAT THE FOREGOING PROVISIONS
OF THIS RELEASE SHALL NOT OPERATE TO WAIVE OR RELEASE (i) ANY
CAUSES OF ACTION EXPRESSLY SET FORTH IN AND PRESERVED BY
THE PLAN OR THE PLAN SUPPLEMENT AND/OR (II) THE RIGHTS OF
SUCH CREDITOR RELEASING PARTY TO ENFORCE THE PLAN AND THE
CONTRACTS, INSTRUMENTS, RELEASES AND OTHER AGREEMENTS OR
DOCUMENTS DELIVERED UNDER OR IN CONNECTION WITH THE PLAN
OR ASSUMED PURSUANT TO THE PLAN OR ASSUMED PURSUANT
TO FINAL ORDER OF THE BANKRUPTCY COURT.

THE FOREGOING RELEASE SHALL BE EFFECTIVE AS OF THE EFFECTIVE
DATE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY
COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION,
ORDER, OR RULE OR THE VOTE, CONSENT, AUTHORIZATION OR
APPROVAL OF ANY PERSON AND THE CONFIRMATION ORDER WILL
PERMANENTLY ENJOIN THE COMMENCEMENT OR PROSECUTION BY
ANY PERSON OR ENTITY, WHETHER DIRECTLY, DERIVATIVELY
OR OTHERWISE, OF ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS,
DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, OR
LIABILITIES RELEASED PURSUANT TO THIS RELEASE.

B.  Sorensen Parties and Affiliates Release

AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE,
EACH OF THE SORENSEN PARTIES AND EACH OF THEIR NON-DEBTOR
AFFILIATES SHALL BE DEEMED TO HAVE RELEASED EACH OF THE

CREDITOR RELEASING PARTIES AND THEIR RESPECTIVE RELATED PERSONS, EACH IN ITS CAPACITY AS SUCH RELATED PERSON, FROM ANY AND ALL DIRECT CLAIMS AND CAUSES OF ACTION HELD BY SUCH SORENSEN PARTY OR ANY NON-DEBTOR AFFILIATE OF SUCH SORENSEN PARTY WHATSOEVER, OR IN ANY MANNER ARISING FROM OR RELATED TO, IN WHOLE OR IN PART, THE RELEASE MATTERS; PROVIDED, HOWEVER, THAT THE FOREGOING PROVISIONS OF THIS RELEASE SHALL NOT OPERATE TO WAIVE OR RELEASE (i) ANY CAUSES OF ACTION EXPRESSLY SET FORTH IN AND PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT AND/OR (ii) THE RIGHTS OF SUCH SORENSEN PARTY OR ANY NON-DEBTOR AFFILIATE OF SUCH SORENSEN PARTY TO ENFORCE THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES AND OTHER AGREEMENTS OR DOCUMENTS DELIVERED UNDER OR IN CONNECTION WITH THE PLAN OR ASSUMED PURSUANT TO THE PLAN OR ASSUMED PURSUANT TO FINAL ORDER OF THE BANKRUPTCY COURT. THE FOREGOING RELEASES SHALL BE EFFECTIVE AS OF THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER, OR RULE OR THE VOTE, CONSENT, AUTHORIZATION OR APPROVAL OF ANY PERSON AND THE CONFIRMATION ORDER WILL PERMANENTLY ENJOIN THE COMMENCEMENT OR PROSECUTION BY ANY PERSON OR ENTITY, WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, OF ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, OR LIABILITIES RELEASED PURSUANT TO THESE RELEASES.

Section XII.F of the Plan, entitled "Injunction" provides:

EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY SUIT, ACTION OR OTHER PROCEEDING, OR CREATING, PERFECTING OR ENFORCING ANY LIEN OF ANY KIND, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, EQUITY INTEREST, OR REMEDY RELEASED OR TO BE RELEASED, EXCULPATED OR TO BE EXCULPATED, OR DISCHARGED OR TO BE DISCHARGED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER. BY ACCEPTING DISTRIBUTIONS PURSUANT TO THE PLAN, EACH HOLDER OF AN ALLOWED CLAIM OR EQUITY INTEREST WILL BE DEEMED TO HAVE SPECIFICALLY CONSENTED TO THIS INJUNCTION. ALL INJUNCTIONS OR STAYS PROVIDED FOR IN THE CHAPTER 11 CASES UNDER SECTION 105 OR 362 OF THE BANKRUPTCY CODE, OR OTHERWISE, AND IN EXISTENCE ON THE CONFIRMATION DATE, WILL REMAIN IN FULL FORCE AND EFFECT UNTIL THE EFFECTIVE DATE.

## **EXHIBIT B**

### **(FORM OF BALLOTS)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., et al.,[1] | ) | Case No. 14-10717 (____) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**BALLOT FOR ACCEPTING OR REJECTING PREPACKAGED JOINT PLAN OF REORGANIZATION FOR ABLEST INC., ET AL.**

**CLASS 4 – PREPETITION FIRST LIEN LOAN CLAIMS**

---

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE DEBTORS' VOTING AGENT, ABLEST BALLOT PROCESSING CENTER, C/O KCC (877) 634-7178 OR (424) 236-7224 (INTERNATIONAL CALLERS) (THE "VOTING AGENT").

PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

THIS BALLOT MUST BE **ACTUALLY RECEIVED** BY **5:00 P.M. (PACIFIC TIME) ON MARCH 27, 2014** (THE "VOTING DEADLINE").

IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS DELIVERED WITH THIS BALLOT.

---

This ballot (the "Ballot") is being provided to you because records indicate that you may be a Holder of a Class 4 Prepetition First Lien Loan Claim as of March 20, 2014 (the "Voting Record Date"), and, accordingly, you may have a right to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for submitting votes with respect to the *Prepackaged Joint Plan of Reorganization for Ablest Inc., et al.,* dated March 11, 2014 (the "Plan").[2]

Your rights are described in the *Disclosure Statement for Prepackaged Joint Chapter 11 Plan of Reorganization for Ablest Inc., et al., Under Chapter 11 of the Bankruptcy Code,* dated March 11, 2014 (the "Disclosure Statement"). The Plan and Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class 4 under the Plan.*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ablest Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT LLC (0793). The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara, CA 93105.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

**THE VOTING DEADLINE IS 5:00 P.M. (PACIFIC TIME) ON MARCH 27, 2014.**

**Item 1. Amount of Class 4 Prepetition First Lien Loan Claim**

The undersigned hereby certifies that as of March 20, 2014, the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of a Class 4 Prepetition First Lien Loan Claim in the following aggregate amount (*insert amount in box below*).

$\qquad$ $ _____

**Item 2. Certification of Undersigned as an Accredited Investor.**

Please identify whether the undersigned is (a) an "Accredited Investor" as that term is defined by Rule 501 of Regulation D, 17 C.F.R. § 230.501(a), promulgated under the Securities Act of 1933, 15 U.S.C. §§ 77a–77aa (as amended), or (b) the authorized signatory for the beneficial owner of Class 4 Prepetition First Lien Loan Claim that is an Accredited Investor.

| Accredited Investor | <u>Not</u> an Accredited Investor |
|:---:|:---:|
| ❏ | ❏ |

**Item 3. Vote of Class 4 Prepetition First Lien Loan Claim.**

The Holder of the Class 4 Prepetition First Lien Loan Claim set forth in Item 1 votes to (*please check one*):

| <u>Accept</u> the Plan | <u>Reject</u> the Plan |
|:---:|:---:|
| ❏ | ❏ |

**Item 4. Election to Opt-In to Release Provisions.**

Check the box below if you elect to grant the releases set forth in Article XII of the Plan. Election to withhold consent is at your option. If you submit your Ballot without this box checked, you will be deemed to have not consented to the releases set forth in Article XII of the Plan. You may elect to consent to the releases set forth in Article XII of the Plan whether you vote to accept or reject the plan.

| ❏ **The undersigned elects to grant the releases contained in Article XII of the Plan.** |
|---|

**Item 5. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

1. as of the Voting Record Date, the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of Claims arising from Class 4 Prepetition First Lien Loan Claim in the amount set forth in Item 1;

2. the Holder is eligible to be treated as the Holder of the Class 4 Prepetition First Lien Loan Claim set forth in Item 1 for the purposes of voting on the Plan;

3. by identifying itself as an "Accredited Investor" as set forth in Item 2, the undersigned is (a) an "Accredited Investor" as that term is defined by Rule 501 of Regulation D, 17 C.F.R. § 230.501(a), or (b) the authorized signatory for a beneficial owner of Class 4 Prepetition First Lien Loan Claim that is an Accredited Investor;

4. the Holder understands and acknowledges that if Holder does not identify itself as an "Accredited Investor" as set forth in Item 2, (a) the Debtors reserve the right to seek further clarification from the Holder regarding the Holder's actual status as an Accredited Investor, and (b) the Holder's failure to identify itself as an Accredited Investor shall not otherwise affect the tabulation of this Ballot for purposes of voting on the Plan;

5. the Holder has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

6. the Holder understands and acknowledges that by voting to accept the Plan the Holder consents to the DIP Facility terms, substantially as set forth in Exhibit H to the Disclosure Statement;

7. the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

8.   the Holder has cast the same vote with respect to all of the Holder's Class 4 Prepetition First Lien Loan Claim;

9.   the Holder understands and acknowledges that only the latest-dated Ballot cast and actually received by the Voting Agent prior to the Voting Deadline with respect to the Class 4 Prepetition First Lien Loan Claim set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to the Class 4 Prepetition First Lien Loan Claim set forth in Item 1, such other Ballot shall be deemed revoked;

10.  the Holder understands and acknowledges that the Voting Agent shall verify the amount of Class 4 Prepetition First Lien Loan Claim held by the Holder as of the Voting Record Date set forth in Item 1 by submitting a summary voting report to the Debtors.  In the event of a discrepancy that cannot be resolved by the Debtors and the Holder, the amount of Class 4 Prepetition First Lien Loan Claim held by such Holder as of the Voting Record Date as provided by the Debtors shall control;

11.  the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

**Item 6.  Holder Information and Signature.**

Name of Holder:_____
*(print or type)*

Social Security or Federal Tax I.D. No.:_____
*(optional)*

Signature:_____

Name of Signatory:_____
*(if other than Holder)*

Title: _____

Address:_____

_____

_____

Date Completed:_____

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY BY FACSIMILE, EMAIL OR OVERNIGHT DELIVERY TO:**

> Ablest Ballot Processing Center
> c/o KCC
> 2335 Alaska Avenue
> El Segundo, CA 90245
> **Telephone Number:  877-634-7178**
> **International Number:  424-236-7224**
> **Facsimile Number:   310-776-8341**
> **Email:  ablestinfo@kccllc.com**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS <u>5:00 P.M. (PACIFIC TIME) ON MARCH 27, 2014</u>**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE DEBTORS' VOTING AGENT, ABLEST PROCESSING CENTER, C/O KCC, AT (877) 634-7178 OR (424) 236-7224 (INTERNATIONAL CALLERS).

## VOTING INSTRUCTIONS

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Class 4 Prepetition First Lien Loan Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of claims in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code

3. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 3 of the Ballot; and (c) sign and return the Ballot in accordance with the instructions on the Ballot by facsimile, email or overnight delivery, so that it is actually received by the Voting Deadline, to: Ablest Ballot Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245; Fax: 310-776-8341; Email: ablestinfo@kccllc.com.

4. The time by which a Ballot is actually received by the Voting Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. The Voting Deadline is March 27, 2014 at 5:00 p.m. (Pacific Time).

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.

6. If multiple Ballots are received from an individual Holder with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any previously received Ballot.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan, to opt-in to the releases set forth in Article XII of the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. The Ballot does not constitute, and shall not be deemed to be: (a) a proof of claim or interest; or (b) an assertion or admission with respect to any claim or interest.

9. Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

10. You must vote your entire Class 4 Prepetition First Lien Loan Claim either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

11. Any Ballot that is properly completed, executed, and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

12. The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan, or marked to partially reject and partially accept the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., et al.,[1] | ) | Case No. 14-10717 (____) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**BALLOT FOR ACCEPTING OR REJECTING PREPACKAGED JOINT PLAN OF
REORGANIZATION FOR ABLEST INC., ET AL.**

**CLASS 5 – PREPETITION SECOND LIEN LOAN CLAIMS**

---

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE
CALL THE DEBTORS' VOTING AGENT, ABLEST PROCESSING CENTER, C/O KCC, AT (877)
634-7178 OR (424) 236-7224 (INTERNATIONAL CALLERS)

PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE
COMPLETING THIS BALLOT.

THIS BALLOT MUST BE **ACTUALLY RECEIVED** BY **5:00 P.M. (PACIFIC TIME) ON MARCH 27, 2014**
(THE "VOTING DEADLINE").

IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF
WHETHER YOU HAVE VOTED.

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY
REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS DELIVERED
WITH THIS BALLOT.

---

This ballot (the "Ballot") is being provided to you because records indicate that you may be a Holder of a Class 5
Prepetition Second Lien Loan Claim as of March 20, 2014 (the "Voting Record Date"), and, accordingly, you may
have a right to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for
submitting votes with respect to the *Prepackaged Joint Plan of Reorganization for Ablest Inc., et al.* dated March
11, 2014 (the "Plan").[2]

Your rights are described in the *Disclosure Statement for Prepackaged Joint Chapter 11 Plan of Reorganization for
Ablest Inc., et al. Under Chapter 11 of the Bankruptcy Code*, dated March 11, 2014 (the "Disclosure Statement").
The Plan and Disclosure Statement are included in the packet you are receiving with this Ballot (collectively, the
"Solicitation Package").

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote. You may wish to
seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim
has been placed in Class 5 under the Plan.*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are:
Ablest Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services,
Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471);
Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services,
Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550);
Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919);
Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT
LLC (0793). The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara, CA 93105.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

**THE VOTING DEADLINE IS 5:00 P.M. (PACIFIC TIME) ON MARCH 27, 2014.**

**Item 1.  Amount of Class 5 Prepetition Second Lien Loan Claim.**

The undersigned hereby certifies that as of March 20, 2014, the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of a Class 5 Prepetition Second Lien Loan Claim in the following aggregate amount (*insert amount in box below*).

$$\$\underline{\phantom{xxxxxxxxxxxxxxxx}}$$

**Item 2.  Certification of Undersigned as an Accredited Investor.**

Please identify whether the undersigned is (a) an "Accredited Investor" as that term is defined by Rule 501 of Regulation D, 17 C.F.R. § 230.501(a), promulgated under the Securities Act of 1933, 15 U.S.C. §§ 77a–77aa (as amended), or (b) the authorized signatory for the beneficial owner of Class 5 Prepetition Second Lien Loan Claim that is an Accredited Investor.

| Accredited Investor | <u>Not</u> an Accredited Investor |
|:---:|:---:|
| ❏ | ❏ |

**Item 3.  Vote of Class 5 Prepetition Second Lien Loan Claim.**

The Holder of the Class 5 Prepetition Second Lien Loan Claim set forth in Item 1 votes to (*please check one*):

| <u>Accept</u> the Plan | <u>Reject</u> the Plan |
|:---:|:---:|
| ❏ | ❏ |

**Item 4.  Election to Opt-In to Release Provisions.**

Check the box below if you elect to grant the releases set forth in Article XII of the Plan. Election to withhold consent is at your option. If you submit your Ballot without this box checked, you will be deemed to have not consented to the releases set forth in Article XII of the Plan. You may elect to consent to the releases set forth in Article XII of the Plan whether you vote to accept or reject the plan.

| | |
|:---:|:---|
| ❏ | **The undersigned elects to grant the releases contained in Article XII of the Plan.** |

**Item 5.  Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

1. as of the Voting Record Date, the undersigned was the beneficial owner (or authorized signatory for a beneficial owner) of Claims arising from Class 5 Prepetition Second Lien Loan Claim in the amount set forth in Item 1;

2. the Holder is eligible to be treated as the Holder of the Class 5 Prepetition Second Lien Loan Claim set forth in Item 1 for the purposes of voting on the Plan;

3. by identifying itself as an "Accredited Investor" as set forth in Item 2, the undersigned is (a) an "Accredited Investor" as that term is defined by Rule 501 of Regulation D, 17 C.F.R. § 230.501(a), or (b) the authorized signatory for a beneficial owner of Class 5 Prepetition Second Lien Loan Claim that is an Accredited Investor;

4. the Holder understands and acknowledges that if Holder does not identify itself as an "Accredited Investor" as set forth in Item 2, (a) the Debtors reserve the right to seek further clarification from the Holder regarding the Holder's actual status as an Accredited Investor, and (b) the Holder's failure to identify itself as an Accredited Investor shall not otherwise affect the tabulation of this Ballot for purposes of voting on the Plan;

5. the Holder has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

6. the Holder understands and acknowledges that by voting to accept the Plan the Holder consents to the DIP Facility terms, substantially as set forth in Exhibit H to the Disclosure Statement;

7.  the Holder has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

8.  the Holder has cast the same vote with respect to all of the Holder's Class 5 Prepetition Second Lien Loan Claim;

9.  the Holder understands and acknowledges that only the latest-dated Ballot cast and actually received by the Voting Agent prior to the Voting Deadline with respect to the Class 5 Prepetition Second Lien Loan Claim set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to the Class 5 Prepetition Second Lien Loan Claim set forth in Item 1, such other Ballot shall be deemed revoked;

10. the Holder understands and acknowledges that the Voting Agent shall verify the amount of Class 5 Prepetition Second Lien Loan Claim held by the Holder as of the Voting Record Date set forth in Item 1 by submitting a summary voting report to the Debtors. In the event of a discrepancy that cannot be resolved by the Debtors and the Holder, the amount of Class 5 Prepetition Second Lien Loan Claim held by such Holder as of the Voting Record Date as provided by the Debtors shall control;

11. the Holder understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

**Item 6.  Holder Information and Signature.**

Name of Holder:_____
(print or type)

Social Security or Federal Tax I.D. No.:_____
(optional)

Signature:_____

Name of Signatory:_____
(if other than Holder)

Title: _____

Address:_____

_____

_____

Date Completed:_____

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT PROMPTLY BY FACSIMILE, EMAIL OR OVERNIGHT DELIVERY TO:**

> Ablest Ballot Processing Center
> c/o KCC
> 2335 Alaska Avenue
> El Segundo, CA 90245
> **Telephone Number:** 877-634-7178
> **International Number:** 424-236-7224
> **Facsimile Number:** 310-776-8341
> **Email:** ablestinfo@kccllc.com

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE VOTING DEADLINE, WHICH IS 5:00 P.M. (PACIFIC TIME) ON MARCH 27, 2014**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING INSTRUCTIONS, PLEASE CALL THE DEBTORS' VOTING AGENT, ABLEST PROCESSING CENTER, C/O KCC, AT (877) 634-7178 OR (424) 236-7224 (INTERNATIONAL CALLERS).

## VOTING INSTRUCTIONS

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Class 5 Prepetition Second Lien Loan Claims with respect to the Plan referred to in the Disclosure Statement. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Plan.

2. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of claims in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code

3. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in Item 3 of the Ballot; and (c) sign and return the Ballot in accordance with the instructions on the Ballot by facsimile, email or overnight delivery, so that it is actually received by the Voting Deadline, to: Ablest Ballot Processing Center, c/o KCC, 2335 Alaska Avenue, El Segundo, CA 90245; Fax: 310-776-8341; Email: ablestinfo@kccllc.com.

4. The time by which a Ballot is actually received by the Voting Agent shall be the time used to determine whether a Ballot has been submitted by the Voting Deadline. The Voting Deadline is March 27, 2014 at 5:00 p.m. (Pacific Time).

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. No Ballot should be sent to the Debtors or the Debtors' financial or legal advisors.

6. If multiple Ballots are received from an individual Holder with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any previously received Ballot.

7. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan, to opt-in to the releases set forth in Article XII of the Plan and to make certain certifications with respect thereto. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

8. The Ballot does not constitute, and shall not be deemed to be: (a) a proof of claim or interest; or (b) an assertion or admission with respect to any claim or interest.

9. Please be sure to sign and date your Ballot. If you are completing the Ballot on behalf of an Entity, indicate your relationship with that Entity and the capacity in which you are signing.

10. You must vote your entire Class 5 Prepetition Second Lien Loan Claim either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

11. Any Ballot that is properly completed, executed, and timely returned to the Debtors that fails to indicate acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

12. The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder; (b) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan, or marked to partially reject and partially accept the Plan; and/or (e) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

**EXHIBIT C**

**(NOTICE OF NON-VOTING STATUS)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., et al.,[1] | ) | Case No. 14-10717 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

## NOTICE OF NON-VOTING STATUS RE DEBTORS' PREPACKAGED JOINT PLAN OF REORGANIZATION FOR ABLEST INC., ET AL.

### UNIMPAIRED CLAIMS

TO: ALL HOLDERS OF CLAIMS AND INTERESTS IN CLASSES 1, 2, 3, 6, 7 and 10

On _____, 2014 (the "Petition Date"), the Debtors filed the Prepackaged Joint Plan of Reorganization for Ablest Inc., et al. dated _____ (the "Plan") and accompanying Disclosure Statement for the Plan (the "Disclosure Statement").

Under the Plan, holders of Claims or Interests in Class 1 (Priority Claims), Class 2 (Other Secured Claims, Class 3 (Secured Tax Claims), Class 6 (SCIF Claims), Class 7 (General Unsecured Claims), and Class 10 (Equity Interests in Subsidiaries) are Unimpaired within the meaning of section 1124 of the Bankruptcy Code and, therefore, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to have accepted the Plan and are not entitled to vote on the Plan.

**You have been sent this notice because you have been identified as a holder of a Claim in Class 1, 2, 3, 6, 7 or 10, and as such, are Unimpaired under the Plan and <u>not entitled to vote on the Plan.</u>**

The accompanying *Notice of (i) Commencement of Chapter 11 Cases; (ii) Imposition of Automatic Stay; and (iii) Combined Hearing to Approve (A) Disclosure Statement and (B) Prepackaged Joint Plan of Reorganization for Ablest Inc., et al. and Related Matters* (the "Confirmation Hearing Notice") sets forth important deadlines with respect to the approval of the Plan and how you may obtain a copy of the Plan and Disclosure Statement at no charge to you.

If you have any questions regarding the status of your Claim or wish to obtain additional information, you may contact the Debtors' solicitation agent at:

> Ablest Ballot Processing Center
> c/o KCC
> 2335 Alaska Avenue
> El Sgundo, CA 90245
> **Telephone Number:  877-634-7178**
> **International Number:  424-236-7224**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ablest Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT LLC (0793).  The mailing address for each of the Debtors is:  3820 State Street, Santa Barbara, CA 93105.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., et al.,[1] | ) | Case No. 14-10717 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**NOTICE OF NON-VOTING STATUS RE DEBTORS' PREPACKAGED JOINT PLAN OF
REORGANIZATION FOR ABLEST INC., ET AL.**

**IMPAIRED CLAIMS; DEEMED REJECTING**

TO: ALL HOLDERS OF CLAIMS AND INTERESTS IN CLASSES 8 and 9

On April 1, 2014 (the "Petition Date"), the Debtors filed the Prepackaged Joint Plan of Reorganization for Ablest Inc., et al. dated March 11, 2014 (the "Plan") and accompanying Disclosure Statement for the Plan (the "Disclosure Statement").

In accordance with the terms of the Plan and section 1126(g) of the Bankruptcy Code, holders of Claims or Interests in Class 8 (Prepetition Warrants) and Class 9 (Equity Interests in Parent) are neither receiving nor retaining any property on account of their Claims and Interests in the case of Class 8 (Prepetition Warrants) and Class 9 (Equity Interests in Parent) and, therefore, are conclusively presumed to have rejected the Plan and are not entitled to vote on the Plan.

**You have been sent this notice because you have been identified as a holder of a Claim in Class 8 or 9, and as such, are impaired under the Plan and not entitled to vote on the Plan.**

The accompanying *Notice of (i) Commencement of Chapter 11 Cases; (ii) Imposition of Automatic Stay; and (iii) Combined Hearing to Approve (A) Disclosure Statement and (B) Prepackaged Joint Plan of Reorganization for Ablest Inc., et al. and Related Matters* (the "Confirmation Hearing Notice") sets forth important deadlines with respect to the approval of the Plan and how you may obtain a copy of the Plan and Disclosure Statement at no charge to you.

If you have any questions regarding the status of your Claim or wish to obtain additional information, you may contact the Debtors' solicitation agent at:

> Ablest Ballot Processing Center
> c/o KCC
> 2335 Alaska Avenue
> El Segundo, CA 90245
> **Telephone Number: 877-634-7178**
> **International Number: 424-236-7224**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ablest Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT LLC (0793). The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara, CA 93105.