IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., et al.,[1] | ) | Case No. 14-10717 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**NOTICE OF (I) COMMENCEMENT OF CHAPTER 11 CASES; (II) IMPOSITION OF AUTOMATIC STAY; AND (III) COMBINED HEARING TO APPROVE (A) DISCLOSURE STATEMENT AND (B) PREPACKAGED JOINT PLAN OF REORGANIZATION FOR ABLEST INC., ET AL. AND RELATED MATTERS**

## COMMENCEMENT OF THE CASES

**PLEASE TAKE NOTICE** that on April 1, 2014 (the "Petition Date"), Ablest Inc., a Delaware corporation and its affiliated Debtors (collectively, the "Debtors") filed bankruptcy petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), thereby commencing their chapter 11 cases (collectively, the "Chapter 11 Cases"). The Debtors, their respective addresses, Chapter 11 Case numbers, and their federal tax identification numbers are listed on **Exhibit "1"** hereto. You may be a creditor of the Debtors. This notice lists important deadlines. You may want to consult an attorney to protect your rights. You will not receive notice of all documents filed in these Chapter 11 Cases. All documents filed with the Bankruptcy Court are available for inspection at the Office of the Clerk of the Bankruptcy Court at 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, or are available at no charge online at http://www.kccllc.net/ablest.

## CREDITORS MAY NOT TAKE CERTAIN ACTIONS

The filing of the Chapter 11 Cases automatically stays certain collection and other actions against the Debtors and the Debtors' property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Common examples of prohibited actions include (i) contacting the Debtors to demand repayment, (ii) taking action against the Debtors to collect money owed to creditors or to take property of the Debtors, (iii) terminating or changing the terms of existing contracts or agreements, and (iv) starting or continuing foreclosure actions or repossessions. A creditor who is considering taking action against the Debtors or the Debtors' property should review section 362 of the Bankruptcy Code and may wish to seek legal advice. The staff of the Bankruptcy Court's Clerk's Office cannot give legal advice.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ablest Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT LLC (0793). The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara, CA 93105.

**COMBINED HEARING ON THE APPROVAL OF THE DISCLOSURE STATEMENT AND PREPACKAGED JOINT PLAN OF REORGANIZATION FOR ABLEST INC., ET AL.**

Prior to the Petition Date, the Debtors solicited votes to accept or reject the *Prepackaged Joint Plan of Reorganization for Ablest Inc., et al.* dated March 11, 2014 (the "Plan") from creditors whose rights are impaired under the Plan. As of the voting deadline, the Plan has been accepted by all classes entitled to vote on the Plan, and therefore, may be confirmed by the Bankruptcy Court.

The Bankruptcy Court has scheduled a combined hearing (the "Combined Hearing") to: (i) approve the adequacy of the Disclosure Statement dated March 11, 2014 relating to the Plan (the "Disclosure Statement"), and (ii) confirm the Plan under the Bankruptcy Code, and has established the deadlines and procedures described herein.

**COMBINED HEARING DATE AND TIME**

The Combined Hearing will be held at **9:30 a.m. on May 5, 2014 (Prevailing Eastern Time)** before the Honorable Kevin J. Carey, United States Bankruptcy Judge for the District of Delaware, in the United States Bankruptcy Court for the District of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801, at which the Bankruptcy Court will consider: (i) approval of the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code, and (ii) confirmation of the Plan. The Combined Hearing may be continued from time to time without further notice other than the announcement of the adjourned date(s) at the Combined Hearing, or any continued hearing, or in the agenda for any such hearing.

**OBJECTION DEADLINE AND PROCEDURES**

Objections, if any, to (a) the approval of the Disclosure Statement, or (b) confirmation of the Plan must (i) be in writing; (ii) conform to the Bankruptcy Rules and the Local Rules; (iii) state the name of the applicable Debtor, the name of the objecting party and the amount and nature of the Claim of such Entity in each applicable Chapter 11 Case or the amount of Equity Interests held by such Entity in each applicable Chapter 11 Case; (iv) state with particularity the legal and factual bases and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (v) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is **actually received** no later than **April 28, 2014 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline") by the parties set forth below (i) the Debtors, Ablest Inc., 3820 State Street, Santa Barbara, CA 93105 (Attn: D. Stephen Sorensen); (ii) proposed counsel for the Debtors, (a) Skadden, Arps, Slate Meagher & Flom LLP, 4 Times Square, New York, New York 10036, (Attn.: Kenneth S. Ziman), and 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071 (Attn: Glenn S. Walter); and (b) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067-4100 (Attn: Jeffrey N. Pomerantz), and 150 California Street, 15th Floor, San Francisco, CA 94111 (Attn: Debra Grassgreen); (iii) counsel for the Steering Committee, (a) Milbank Tweed Hadley & McCloy LLP, 601 South Figueroa Street, 30th Floor, Los Angeles, CA 90071, (Attn.: Mark Shinderman and Brett Goldblatt); and (b) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347 (Attn: Robert J. Dehney); (iv) counsel to the Prepetition First Lien Agent, (a) Katten Muchin Rosenman LLP, 515 S. Flower Street, Suite 1000, Los Angeles, CA 90071-2212 (Attn: William B. Freeman) and 575 Madison Avenue, New York, NY 10022-2585 (Attn: Karen B. Dine), and (b) Cousins Chipman and Brown LLP, 1007 North Orange Street, Suite 1110, Wilmington, DE 19801 (Attn: Scott D. Cousins); (v) counsel to the Prepetition Second Lien Agent, Dechert LLP, 1095 Avenue of the Americas, New York, NY 10036-6797 (Attn: Allan S. Brilliant and James O. Moore); (vi) counsel for the Consenting Equity Holder, Cole, Schotz, Meisel, Forman &

Leonard, P.A., 301 Commerce Street, Suite 1700 Fort Worth Texas 76102 (Attn: Michael D. Warner), and Court Plaza North, 25 Main Street, Hackensack, NJ 07601 (Attn: Adam J. Sklar); (vii) the Office of the United State Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801; and (viii) those parties who have a filed a notice of appearance in the Chapter 11 Cases. Objections not timely filed and served in the manner set forth above may not be considered and may be overruled.

## OBTAINING COPIES OF THE DISCLOSURE STATEMENT AND PLAN

Any party in interest wishing to obtain a copy of the Disclosure Statement, the Plan, or other pleadings filed by the Debtors in the Chapter 11 Cases may obtain them online at http://www.kccllc.net/ablest or may request such copies at the Debtors' expense by contacting Ablest Ballot Processing Center, c/o KCC (877) 634-7178 or (424) 236-7224 (international callers). Any party in interest wishing to review the Disclosure Statement or the Plan may (a) review such documents during regular business hours (9:00 a.m. to 4:30 p.m. Eastern time weekdays, except legal holidays) at the Bankruptcy Court, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801 or (b) arrange to review such documents at the offices of proposed counsel for the Debtors (at the addresses set forth below).

## BRIEF SUMMARY OF PLAN

The Plan is a "prepackaged" plan of reorganization. The Plan represents a significant achievement for the Company and should greatly enhance the Company's ability to reorganize successfully and expeditiously through the addition of $225 million of new equity capital pursuant to the Rights Offering. The Plan will also provide an efficient restructuring through the prepackaged process, designed to minimize disruption to the Company's business endeavors, stabilize the Company's balance sheet, and provide a platform for renewed success. Through Confirmation of the Plan implementing the terms of the pre-packaged restructuring, the Company will restructure and substantially deleverage its balance sheet; reduce its cash interest expense to a level that is aligned with its expected future cash flows; retain additional flexibility to invest in growth initiatives to maximize enterprise value; and obtain favorable pricing to the Company under a new $350 million term loan and $120 million asset-based revolving loan facility. The Company also will improve its liquidity position from its operations during the forecasted period. For all of these reasons, the Company believes that it will have sufficient liquidity during the course of the Chapter 11 Cases and will be well-positioned going forward.

As of April 1, 2014, the Debtors have outstanding secured debt in an aggregate amount, including accrued interest, of approximately $651 million. Upon emergence from chapter 11, the Reorganized Debtors expect to have outstanding term debt of approximately $350 million. The Reorganized Debtors also expect to have access to a new asset based revolving credit facility in a principal amount up to $120 million that will be used to finance operations. Accordingly, the Reorganized Debtors will have a significantly deleveraged and improved balance sheet and a more appropriate capital structure.

The following chart summarizes the treatment provided by the Plan to each class of Claims and Interests and indicates the acceptance or rejections of the Plan by each class entitled to vote.

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 1 | Priority Claims | Unimpaired | Deemed to Accept |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 3 | Secured Tax Claims | Unimpaired | Deemed to Accept |
| 4 | Prepetition First Lien Loan Claims | Impaired | Entitled to Vote |
| 5 | Prepetition Second Lien Loan Claims | Impaired | Entitled to Vote |

| Class | Claim | Status | Voting Rights |
|-------|-------|--------|---------------|
| 6 | SCIF Claims | Unimpaired | Deemed to Accept |
| 7 | General Unsecured Claims | Unimpaired | Deemed to Accept |
| 8 | Prepetition Warrants | Impaired | Deemed to Reject |
| 9 | Equity Interests in Parent | Impaired | Deemed to Reject |
| 10 | Equity Interests in Subsidiaries | Unimpaired | Deemed to Accept |

**In addition, the Plan contains the release and injunction provisions set forth on Exhibit 2 hereto.**

## FILING CLAIMS AGAINST THE DEBTORS

The Bankruptcy Court has not established a deadline for filing proofs of claim at the present time. Should the Bankruptcy Court establish a claims bar deadline, you will receiver further notice at such time. As a result, although creditors may, they are not requested to file claims at this time. Should the Bankruptcy Court establish a claims bar deadline, separate notice of the deadlines to file proofs of claim and a proof of claim form will be provided to the Debtors' known creditors. Should a creditor desire to file a proof of claim at this time, proof of claim forms are available from the Bankruptcy Court's website at www.deb.uscourts.gov. Also, KCC is the claims agent in these Chapter 11 Cases and you can obtain a proof of claim form through KCC's website, http://www.kccllc.net/ablest or by contacting Ablest Ballot Processing Center, c/o KCC (877) 634-7178 or (424) 236-7224 (international callers). Proofs of claim should be filed with KCC by following the instructions available on KCC's website or by contacting KCC at the number set forth above.

If you have any questions about the status of your claim(s) and/or interest(s), you should contact Ablest Ballot Processing Center, c/o KCC (877) 634-7178 or (424) 236-7224 (international callers).

**Vendors and suppliers may call the Vendor Call Center at (877) 785-5215 or email vendorinfo@select.com with questions.**

Dated: April 3, 2014     PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Jeffrey N. Pomerantz*
Jeffrey N. Pomerantz (CA Bar No. 143717)
Debra Grassgreen (CA Bar No. 169978)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
E-mail: jpomerantz@pszjlaw.com
         dgrassgreen@pszjlaw.com
         joneill@pszjlaw.com

[Proposed] Co-Counsel to Debtors and Debtors in Possession

**EXHIBIT 1**

| Debtor | Address | Case No. | Tax I.D. No. |
|---|---|---|---|
| Ablest Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10717 | 65-0978462 |
| Koosharem, LLC | 3820 State Street Santa Barbara, CA 93105 | 14-10718 | 93-00994537 |
| New Koosharem Corporation | 3820 State Street Santa Barbara, CA 93105 | 14-10719 | 27-2269356 |
| Real Time Staffing Services, Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10720 | 77-0528189 |
| Remedy Intelligent Staffing, Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10721 | 33-0880963 |
| Remedy Staffing, Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10722 | 26-0900080 |
| RemedyTemp, Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10723 | 95-2890471 |
| Remedy Temporary Services, Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10724 | 33-0867385 |
| Remx, Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10725 | 33-0867388 |
| Select Specialized Staffing, Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10726 | 26-1915550 |
| RemUT LLC | 3820 State Street Santa Barbara, CA 93105 | 14-10727 | 46-3800793 |
| Westaff, Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10728 | 94-1266151 |
| RemSC LLC | 3820 State Street Santa Barbara, CA 93105 | 14-10729 | 46-3828072 |
| Select Corporation | 3820 State Street Santa Barbara, CA 93105 | 14-10730 | 77-0576624 |
| Select Nursing Services, Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10731 | 26-1915846 |
| Select PEO, Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10732 | 26-1888521 |
| Select Personnel Services, Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10733 | 77-0528298 |
| Select Temporaries, Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10734 | 77-0077607 |
| Select Trucking Services, Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10735 | 26-1915722 |
| Tandem Staffing Solutions, Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10736 | 30-0015919 |
| Westaff Support, Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10737 | 68-0431039 |
| Westaff (USA), Inc. | 3820 State Street Santa Barbara, CA 93105 | 14-10738 | 68-0095781 |

**Exhibit 2**

**PLAN RELEASES**

Article XI.B of the Plan, entitled "Release" provides:

EFFECTIVE AS OF THE EFFECTIVE DATE, FOR GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THE RELEASED PARTIES, THE ADEQUACY OF WHICH IS HEREBY ACKNOWLEDGED AND CONFIRMED, THE DEBTORS AND REORGANIZED DEBTORS, IN THEIR INDIVIDUAL CAPACITIES AND AS DEBTORS IN POSSESSION (COLLECTIVELY, THE "DEBTOR RELEASING PARTIES") WILL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER PROVIDED A FULL DISCHARGE, WAIVER AND RELEASE TO THE RELEASED PARTIES (AND EACH SUCH RELEASED PARTY SO RELEASED SHALL BE DEEMED FOREVER RELEASED, WAIVED AND DISCHARGED BY THE DEBTOR RELEASING PARTIES) AND THEIR RESPECTIVE PROPERTIES FROM ANY AND ALL CLAIMS, CAUSES OF ACTION, LITIGATION CLAIMS AND ANY OTHER DEBTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, ACTIONS, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING AS OF THE EFFECTIVE DATE OR THEREAFTER ARISING, IN LAW, AT EQUITY, WHETHER FOR TORT, CONTRACT, OR OTHERWISE, BASED IN WHOLE OR IN PART UPON ANY ACT OR OMISSION, TRANSACTION, OR OTHER OCCURRENCE OR CIRCUMSTANCES EXISTING OR TAKING PLACE PRIOR TO OR ON THE EFFECTIVE DATE ARISING FROM OR RELATED IN ANY WAY IN WHOLE OR IN PART TO THE DEBTORS, THE CHAPTER 11 CASES, INCLUDING, WITHOUT LIMITATION, THE PREPETITION SECURED LOANS, THE BACKSTOP AGREEMENT, THE LENDER RSA, THE RIGHTS OFFERING, THE SORENSEN SUPPORT AGREEMENT, THE DIP FACILITY, THE DISCLOSURE STATEMENT, THE PLAN OR THE SOLICITATION OF VOTES ON THE PLAN THAT SUCH DEBTOR RELEASING PARTY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR THAT ANY HOLDER OF A CLAIM OR EQUITY INTEREST OR OTHER ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT FOR OR ON BEHALF OF THE DEBTORS, THEIR ESTATES OR THE REORGANIZED DEBTORS (WHETHER DIRECTLY OR DERIVATIVELY) AGAINST ANY OF THE RELEASED PARTIES; PROVIDED, HOWEVER, THAT THE FOREGOING PROVISIONS OF THIS RELEASE SHALL NOT OPERATE TO WAIVE OR RELEASE (I) ANY CAUSES OF ACTION EXPRESSLY SET FORTH IN AND PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT; (II) ANY CAUSES OF ACTION ARISING FROM FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT AS DETERMINED BY FINAL ORDER OF THE BANKRUPTCY COURT OR ANY OTHER COURT OF COMPETENT JURISDICTION; AND/OR (III) THE RIGHTS OF SUCH DEBTOR RELEASING PARTY TO ENFORCE THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES AND OTHER AGREEMENTS OR DOCUMENTS DELIVERED UNDER OR IN CONNECTION WITH THE PLAN OR ASSUMED PURSUANT TO THE PLAN OR ASSUMED PURSUANT TO FINAL ORDER OF THE BANKRUPTCY COURT. THE FOREGOING RELEASE SHALL BE EFFECTIVE AS OF THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER, OR RULE OR THE VOTE, CONSENT, AUTHORIZATION OR APPROVAL OF

ANY PERSON AND THE CONFIRMATION ORDER WILL PERMANENTLY ENJOIN THE COMMENCEMENT OR PROSECUTION BY ANY PERSON OR ENTITY, WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, OF ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, OR LIABILITIES RELEASED PURSUANT TO THIS RELEASE. NOTWITHSTANDING THE FOREGOING, THE DEBTORS ARE NOT RELEASING THE DEBTORS (BUT THEY ARE RELEASING THE RELATED PERSONS TO THE DEBTORS PURSUANT TO THIS PARAGRAPH.

Article XII of the Plan, entitled "Third Party Release" provides:

A. Creditors Release

AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, EACH CREDITOR RELEASING PARTY, FOR ITSELF AND ITS RESPECTIVE RELATED PERSONS, IN EACH CASE IN THEIR CAPACITY AS SUCH RELATED PERSON, SHALL BE DEEMED TO HAVE RELEASED (I) EACH OTHER CREDITOR RELEASING PARTY AND (II) THE SORENSEN PARTIES AND EACH NON-DEBTOR AFFILIATE OF ANY SORENSEN PARTY FROM ANY AND ALL DIRECT CLAIMS AND CAUSES OF ACTION HELD BY SUCH CREDITOR RELEASING PARTY WHATSOEVER, OR IN ANY MANNER ARISING FROM OR RELATED TO, IN WHOLE OR IN PART, THE RELEASE MATTERS; PROVIDED, HOWEVER, THAT THE FOREGOING PROVISIONS OF THIS RELEASE SHALL NOT OPERATE TO WAIVE OR RELEASE (i) ANY CAUSES OF ACTION EXPRESSLY SET FORTH IN AND PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT AND/OR (II) THE RIGHTS OF SUCH CREDITOR RELEASING PARTY TO ENFORCE THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES AND OTHER AGREEMENTS OR DOCUMENTS DELIVERED UNDER OR IN CONNECTION WITH THE PLAN OR ASSUMED PURSUANT TO THE PLAN OR ASSUMED PURSUANT TO FINAL ORDER OF THE BANKRUPTCY COURT.

THE FOREGOING RELEASE SHALL BE EFFECTIVE AS OF THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER, OR RULE OR THE VOTE, CONSENT, AUTHORIZATION OR APPROVAL OF ANY PERSON AND THE CONFIRMATION ORDER WILL PERMANENTLY ENJOIN THE COMMENCEMENT OR PROSECUTION BY ANY PERSON OR ENTITY, WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, OF ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, OR LIABILITIES RELEASED PURSUANT TO THIS RELEASE.

B. Sorensen Parties and Affiliates Release

AS OF AND SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE, EACH OF THE SORENSEN PARTIES AND EACH OF THEIR NON-DEBTOR AFFILIATES SHALL BE DEEMED TO HAVE RELEASED EACH OF THE CREDITOR

> RELEASING PARTIES AND THEIR RESPECTIVE RELATED PERSONS, EACH IN ITS CAPACITY AS SUCH RELATED PERSON, FROM ANY AND ALL DIRECT CLAIMS AND CAUSES OF ACTION HELD BY SUCH SORENSEN PARTY OR ANY NON-DEBTOR AFFILIATE OF SUCH SORENSEN PARTY WHATSOEVER, OR IN ANY MANNER ARISING FROM OR RELATED TO, IN WHOLE OR IN PART, THE RELEASE MATTERS; PROVIDED, HOWEVER, THAT THE FOREGOING PROVISIONS OF THIS RELEASE SHALL NOT OPERATE TO WAIVE OR RELEASE (i) ANY CAUSES OF ACTION EXPRESSLY SET FORTH IN AND PRESERVED BY THE PLAN OR THE PLAN SUPPLEMENT AND/OR (ii) THE RIGHTS OF SUCH SORENSEN PARTY OR ANY NON-DEBTOR AFFILIATE OF SUCH SORENSEN PARTY TO ENFORCE THE PLAN AND THE CONTRACTS, INSTRUMENTS, RELEASES AND OTHER AGREEMENTS OR DOCUMENTS DELIVERED UNDER OR IN CONNECTION WITH THE PLAN OR ASSUMED PURSUANT TO THE PLAN OR ASSUMED PURSUANT TO FINAL ORDER OF THE BANKRUPTCY COURT. THE FOREGOING RELEASES SHALL BE EFFECTIVE AS OF THE EFFECTIVE DATE WITHOUT FURTHER NOTICE TO OR ORDER OF THE BANKRUPTCY COURT, ACT OR ACTION UNDER APPLICABLE LAW, REGULATION, ORDER, OR RULE OR THE VOTE, CONSENT, AUTHORIZATION OR APPROVAL OF ANY PERSON AND THE CONFIRMATION ORDER WILL PERMANENTLY ENJOIN THE COMMENCEMENT OR PROSECUTION BY ANY PERSON OR ENTITY, WHETHER DIRECTLY, DERIVATIVELY OR OTHERWISE, OF ANY CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, DEMANDS, DEBTS, RIGHTS, CAUSES OF ACTION, OR LIABILITIES RELEASED PURSUANT TO THESE RELEASES.

Section XII.F of the Plan, entitled "Injunction" provides:

> EXCEPT AS OTHERWISE PROVIDED IN THE PLAN, FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY SUIT, ACTION OR OTHER PROCEEDING, OR CREATING, PERFECTING OR ENFORCING ANY LIEN OF ANY KIND, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, EQUITY INTEREST, OR REMEDY RELEASED OR TO BE RELEASED, EXCULPATED OR TO BE EXCULPATED, OR DISCHARGED OR TO BE DISCHARGED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER. BY ACCEPTING DISTRIBUTIONS PURSUANT TO THE PLAN, EACH HOLDER OF AN ALLOWED CLAIM OR EQUITY INTEREST WILL BE DEEMED TO HAVE SPECIFICALLY CONSENTED TO THIS INJUNCTION. ALL INJUNCTIONS OR STAYS PROVIDED FOR IN THE CHAPTER 11 CASES UNDER SECTION 105 OR 362 OF THE BANKRUPTCY CODE, OR OTHERWISE, AND IN EXISTENCE ON THE CONFIRMATION DATE, WILL REMAIN IN FULL FORCE AND EFFECT UNTIL THE EFFECTIVE DATE.