IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ABLEST INC., et al.,[1] | ) Case No. 14-10717 (KJC) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Related Docket No. 13, 144 |

### ORDER AUTHORIZING (I) ASSUMPTION OF BACKSTOP AGREEMENT, (II) PAYMENT OF RELATED FEES AND EXPENSES, AND (III) INDEMNIFICATION OF BACKSTOP PARTIES

Upon the motion (the "Motion"),[2] dated April 1, 2014, by the above captioned debtors and debtors in possession (collectively, the "Debtors"), in the above captioned cases (the "Cases"), for an order to (i) authorize the Assuming Debtor[3] to assume the Backstop Agreement, (ii) reimburse the reasonable fees, expenses, disbursements and charges of the Backstop Parties incurred in connection with the Backstop Agreement, and (iii) indemnify the Indemnified Persons, all pursuant and in accordance with the provisions set forth in the Backstop Agreement pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"); and it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this Court has

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers are: Westaff, Inc. (6151); New Koosharem Corporation (9356); Koosharem, LLC (4537); Ablest, Inc. (8462); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039). The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara CA 93105.

[2] The description of the Lender RSA and the Sorensen Support Agreement resented in the Motion is a summary of the principal terms and is qualified in all respects and the parties' obligations thereunder are subject to the actual terms and conditions of the Lender RSA and the Sorensen Support Agreement.

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Motion.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and adequate notice of the Motion having been given under the circumstances and no further notice need be given; and after due deliberation and cause appearing therefore:

## IT IS HEREBY FOUND AND DETERMINED THAT:[4]

1. <u>Jurisdiction</u>. This Court has core jurisdiction over the Cases, the Motion, this Order and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion are §§ 105(a), 363(b) and 365 of the Bankruptcy Code, and Rules 2002, 6004(h) and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

2. <u>Notice</u>. The notice given by the Debtors of the Motion and the Hearing constitutes proper, timely, adequate and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules and applicable local rules, and no other or further notice is necessary.

3. The Debtors' decision to enter into the Backstop Agreement is a sound exercise of their business judgment, is consistent with their fiduciary duties and is based on good, sufficient and sound business purposes and justifications.

4. The terms and conditions of Backstop Agreement are fair and reasonable and were negotiated at arm's length and in good faith.

---

[4] This Order constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable herein by Bankruptcy Rules 7052 and 9014. Any and all findings of fact shall constitute findings of fact even if stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if stated as findings of fact.

5. The Backstop Expenses and Indemnification are (i) actual and necessary costs and expenses of preserving the Debtors' estates, (ii) commensurate to the real and substantial benefit conferred upon the Debtors' estates by the Backstop Parties, and (iii) necessary to induce the Backstop Parties to continue to pursue the transactions contemplated by the Backstop Agreement.

6. The Debtors' agreement to reimburse the Backstop Expenses to the Backstop Parties and to provide the Indemnification are each an essential inducement and condition relating to the Backstop Parties' entry into, and continuing obligations under, the Backstop Agreement. Unless the Backstop Parties are assured that the Backstop Expenses will be reimbursed and the Indemnification will be provided, the Backstop Parties are unwilling to proceed as set forth in the Backstop Agreement.

7. The relief requested in the Motion is in the best interests of the Debtors, their estates and creditors and all parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

8. The Motion is granted in its entirety.

9. The Debtors are authorized to (i) assume the Backstop Agreement, (ii) comply with the terms thereof, (iv) effect the relief granted herein, and (v) take any and all actions necessary to implement the terms of the Backstop Agreement.

10. The Debtors are authorized to reimburse the Backstop Expenses in accordance with the terms of the Backstop Agreement. Without limiting any other provision of this Order, the Court finds that the Backstop Expenses provided under the Backstop Agreement: (i) are necessary to the preservation of the Debtors' estates and (ii) shall be payable pursuant to

the terms of the Backstop Agreement. Under no circumstances shall the Backstop Expenses be subject to any otherwise applicable setoff, counterclaim or recoupment. None of the Backstop Expenses shall be subject to further approval of the Court and no recipient of any Backstop Expenses shall be required to file any interim or final application with the Court as a condition precedent to the Debtors' obligation to pay Backstop Expenses. None of the Backstop Expenses shall be subject to avoidance under Sections 542, 547 or 548 of the Bankruptcy Code.

11. The Indemnification contained in the Backstop Agreement is hereby approved. The Debtors are authorized to provide the Indemnification accordance with the terms of the Backstop Agreement. Without limiting any other provision of this Order, the Court finds that the Indemnification under the Backstop Agreement is necessary to the preservation of the value of the estates.

12. Notwithstanding Bankruptcy Rules 6004(h) and 6006, this Order shall take effect immediately upon its entry.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

14. All objections to the Motion or relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled on the merits.

15. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: April 21, 2014

The Honorable Kevin J. Carey
United States Bankruptcy Judge