IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., et al.,[1] | ) | Case No. 14-10717 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

Related Docket No. 17, 142

## ORDER PURSUANT TO 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION OF KURTZMAN CARSON CONSULTANTS LLC AS ADMINISTRATIVE AGENT, *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the application (the "Section 327 Application")[2] of Ablest Inc., et al., as debtors and debtors in possession (the "Debtors") for entry of an order (the "Order") pursuant to sections 327(a), 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules authorizing the retention of Kurtzman Carson Consultants LLC ("KCC") as administrative agent in the Debtors' chapter 11 cases on the terms and conditions set forth in the agreement between the Debtor and KCC (the "Retention Agreement") and all as described more fully in the Section 327 Application; and upon the Declaration of Evan Gershbein, KCC's Senior Vice President, Corporate Restructuring Services,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ablest Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT LLC (0793). The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara, CA 93105.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Section 327 Application.

submitted in support of the Section 156(c) Application (the "Gershbein Declaration"); and the Debtors having estimated that the size and complexity of their cases warrants the retention of an agent to assist with certain administrative duties; and the Court being satisfied that KCC has the capability and experience to provide such services and that KCC does not hold an interest adverse to the Debtors or their estates respecting matters upon which it is to be engaged; and it appearing that the Court has jurisdiction to consider the Section 327 Application and the relief requested therein in accordance with 28 U.S.C. § 157(b)(2)(A), (B), and (O); and it appearing that venue is proper in this district pursuant to 28 U.S.C. § 1408; and it appearing that KCC is disinterested and eligible for retention pursuant to sections 101(14) and 327(a) of the Bankruptcy Code and that the terms of the Retention Agreement are reasonable and appropriate; and good and sufficient notice of the Section 327 Application having been given and no other or further notice being required; and it appearing that the employment of KCC is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Section 327 Application is granted to the extent provided herein;

2. The Debtors are authorized to retain and employ KCC as administrative agent subject to the terms of the Section 327Application and the KCC Agreement to perform the Professional Services;

3. KCC is authorized to take such other action to comply with all duties set forth in the Section 327 Application;

4. KCC shall apply to the Court for allowances of compensation and reimbursement of out-of-pocket expenses incurred in this case after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the United States Trustee for the District of Delaware and further orders of this Court. If KCC's fees increase from the fees set forth in the KCC Agreement, KCC shall file an affidavit with the Court describing such increases.

5. The Debtors shall indemnify KCC solely to the extent set forth in the KCC Agreement.

6. Notwithstanding any provision to the contrary in the KCC Agreement, KCC may hold its retainer as security for payment of expenses only (and not fees) incurred in performance of the Professional Services.

7. Ten business days' notice must be provided by KCC to the Debtors, the United States Trustee and any official committee prior to any increases in any of the KCC's rates for any individual retained by KCC, and such notice must be filed with the Court. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

8. Notwithstanding any provision to the contrary in the KCC Agreement, any dispute relating to the services provided by KCC shall be referred to arbitration consistent with the terms of the KCC Agreement only to the extent that this Court does not have, retain or

exercise jurisdiction over the dispute, and 28 U.S.C. § 1334(e)(2) shall govern the form for resolving fee disputes.

9. The Debtors shall indemnify KCC under the terms of the KCC Agreement; subject to the following:

a. KCC shall not be entitled to indemnification, contribution or reimbursement pursuant to the KCC Agreement for services other than the services provided under the KCC Agreement, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court.

b. Notwithstanding anything to the contrary in the KCC Agreement, the Debtors shall have no obligation to indemnify KCC, or provide contribution or reimbursement to KCC, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from KCC's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of KCC's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co., et al.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which KCC should not receive indemnity, contribution or reimbursement under the terms of the KCC Agreement as modified by this Order.

c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to

appeal), or (ii) the entry of an order closing these cases, KCC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the KCC Agreement (as modified by this Order), including without limitation the advancement of defense costs, KCC must file an application therefore in this Court, and the Debtors may not pay any such amounts to KCC before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by KCC for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify KCC. All parties in interest shall retain the right to object to any demand by Claims and Noticing Agent for indemnification, contribution or reimbursement.

10. Notwithstanding anything contained in the KCC Agreement to the contrary, KCC's liability shall neither be limited to (i) the total amount billed or billable to the Debtors for the portion of the particular work which gave rise to the loss or damage nor (ii) the total amount billed to the Debtors and paid to KCC for the services contemplated under the KCC Agreement.

11. Notwithstanding anything contained in the KCC Agreement to the contrary, absent further Order of the Court, no bank account opened by KCC pursuant to paragraph VIII of the KCC Agreement shall hold estate funds and the Debtors shall only become entitled to the funds in any such account at the closing of the rights offering contemplated under the Debtors' Prepackaged Joint Plan of Reorganization.

12. The KCC Agreement may not be assigned by KCC without permission of the Court.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _April 21_, 2014

Honorable Kevin J. Carey
United States Bankruptcy Judge