IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | )  Chapter 11 |
| | ) |
| ABLEST INC., et al.,[1] | )  Case No. 14-10717 (KJC) |
| | )  (Jointly Administered) |
| Debtors. | )  Related Docket No. 79 , 147 |

## ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN
## AP SERVICES, LLC AS THEIR RESTRUCTURING ADVISORS
## NUNC PRO TUNC TO THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and

debtors in possession (the "Debtors") for entry of an order (this "Order") authorizing the Debtors

to employ and retain AP Services, LLC as their restructuring advisors, as more fully set forth in

the Application; and upon consideration of the Declaration of Randall S. Eisenberg in support of

the Application; and it appearing that the relief requested therein is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and it appearing that the Court has

jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this

proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ablest Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT LLC (0793). The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara CA 93105.

[2] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Application.

Application and opportunity for a hearing on the Application was appropriate under the particular circumstances and that no other or further notice need be given; and it appearing that APS neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that APS is "disinterested," as that term is defined in section 101(14) of the Bankruptcy Code; and it appearing that the relief requested in the Application is in the best interest of the Debtors' estates and their creditors; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1. The Application is approved, as modified herein, *nunc pro tunc* to the Petition Date.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors shall be, and hereby are, authorized to employ and retain APS under an evergreen retainer in accordance with the terms and conditions set in forth the Engagement Letter.

3. The indemnification provisions in the Engagement Letter are approved, subject to the following modifications, applicable during the pendency of these cases:

   a. APS shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than those described in the Engagement Letter, unless such services and indemnification therefor are approved by the Bankruptcy Court;

   b. The Debtors shall have no obligation to indemnify APS, or provide contribution or reimbursement to APS, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from APS' gross negligence or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of APS' contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing to be a claim or expense for which APS should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order;

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to

appeal), and (ii) the entry of an order closing these Chapter 11 Cases, APS believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, APS must file an application therefor in this Court, and the Debtors may not pay any such amounts to APS before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by APS for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify APS. All parties in interest shall retain the right to object to any demand by APS for indemnification, contribution or reimbursement; and

d.  Any limitation of liability or limitation on any amounts to be contributed by the parties to the Engagement Letter under the terms of the Engagement Letter shall be eliminated.

4. APS will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Sections 330 and 331 of the Bankruptcy Code; provided, however, that APS shall be compensated in accordance with the terms of the Engagement Letter, and subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court.

5. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter or this Order, the terms of this Order shall govern.

6. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. The relief granted herein shall be binding upon any trustee appointed in the Chapter 11 Cases (including any chapter 7 trustee appointed in the event of a subsequent conversion to chapter 7).

8. Notwithstanding the possible applicability of Rules 6004, 7062, and 9014 of the Bankruptcy Rules, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10. Notwithstanding anything contrary in the Engagement Letter, during the pendency of these chapter 11 cases, (a) this Court shall have and retain jurisdiction with respect to all matters arising from or related to the Engagement Letter and the implementation, interpretation, and enforcement of this Order; and (b) any dispute arising under the Engagement Letter shall be submitted, in the first instance, to this Court for resolution.

Dated: _April 21_, 2014
      Wilmington, Delaware

                                  Honorable Kevin J. Carey
                                  United States Bankruptcy Judge