IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ABLEST INC., et al.,[1] | ) Case No. 14-10717 (KJC) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Related Docket Nos. 81, 137, 138 |

## ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 329, BANKRUPTCY RULES 2014 AND 2016 AND LOCAL BANKRUPTCY RULES 2014-1 AND 2016-1 AUTHORIZING EMPLOYMENT AND RETENTION OF SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES AS BANKRUPTCY CO-COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] for entry of an order (the "Order"), under Bankruptcy Code sections 327(a) and 329, Bankruptcy Rules 2014 and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, authorizing the employment and retention of Skadden, as co-counsel for the Debtors *nunc pro tunc* to the Petition Date; and upon consideration of the First Day Declaration and the Ziman Declaration; and the Court having reviewed the Application, the First Day Declaration and the Ziman Declaration; and the Court being satisfied with the representations made in the Application and the Ziman Declaration that Skadden represents no interest adverse to the Debtors or their estate, that Skadden is a "disinterested person" as that term is defined under Bankruptcy Code section 101(14), as modified by Bankruptcy Code

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification numbers are: Westaff, Inc. (6151); New Koosharem Corporation (9356); Koosharem, LLC (4537); Ablest, Inc. (8462); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039). The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara CA 93105.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

section 1107(b), and that its employment is necessary and in the best interests of the Debtor's estate, creditors and other parties in interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby,

**ORDERED, ADJUDGED AND DECREED that:**

1. The Application is GRANTED as set forth herein.

2. To the extent the Application or the Engagement Agreement is inconsistent with the Order, the terms of the Order shall govern.

3. Pursuant to Bankruptcy Code sections 327(a) and 329, the Debtors, as debtors and debtors in possession, are authorized to employ and retain Skadden as its restructuring co-counsel, effective as of the Petition Date, in accordance with the Application, the Engagement Agreement, the Ziman Declaration and the Order, to perform the services described therein.

4. Skadden shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. Skadden also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by

Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "Revised UST Guidelines"), both in connection with this application and the interim and final fee applications to be filed by Skadden in these chapter 11 cases.

5. Skadden is authorized to apply any funds presently held as a retainer (the "Retainer") to pay any fees, charges and disbursements relating to services rendered to the Debtors prior to the Petition Date that remain unpaid as of such date (the "Final Billed Amount"). Any Retainer remaining after such payment of the Final Billed Amount shall be held by Skadden and applied against the first payment of Skadden's Court-approved postpetition fees and expenses (and thereafter to subsequent payments of Skadden's Court-approved postpetition fees and expenses, if applicable). In the event that the remaining Retainer exceeds the unpaid portion of Skadden's Court-approved postpetition fees and expenses, Skadden shall remit such excess to the Debtors or their successors.

6. Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h) or otherwise, the Order shall be effective and enforceable immediately upon entry hereof.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of the Order.

Dated: Wilmington, Delaware
_____, 2014

_____
The Honorable Kevin J. Carey
UNITED STATES BANKRUPTCY JUDGE