IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., *et al.*,[1] | ) | Case No. 14-10717 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Related Docket No. 86 143 |
| | ) | |

## ORDER AUTHORIZING THE DEBTORS TO RETAIN GOLDMAN, SACHS & CO. AS FINANCIAL ADVISOR, *NUNC PRO TUNC* TO THE PETITION DATE

This matter is before the Court on the *Application for Authority to Retain Goldman, Sachs & Co. as Financial Advisor to the Debtors, Nunc Pro Tunc to the Petition Date* (the "Application"), filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"). All capitalized terms used but not defined herein shall have the meanings given to them in the Application.

The Court has considered the Application, the Declaration of Bruce Mendelsohn, and the matters reflected in the record of the hearing held on the Application. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that due and proper notice of the Application has been given and that no further notice is necessary; that the relief sought in the Application is in the best interests of the Debtors, their estates, and their creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby ORDERED as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ablest Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT LLC (0793). The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara CA 93105.

CH\1808850.2

1. The Application is hereby GRANTED as set forth herein.

2. Goldman Sachs's retention during these chapter 11 cases on the terms and conditions set forth in the Engagement Letter (including Annex A thereto), is hereby approved *nunc pro tunc* to the Petition Date. Goldman Sachs shall be compensated in accordance with the terms of the Engagement Letter, and, in particular, all of Goldman Sachs's fees and expenses (including, without limitation, the fees and disbursements of Goldman Sachs's attorneys to the extent limited herein) in these chapter 11 cases; provided that Goldman Sachs has agreed to waive that portion of its unpaid fees under the Engagement Letter in excess of $10,000,000 plus any Monthly Fees then owing, only upon satisfaction of each of the following conditions: (1) the entry of this Order (and this Order becoming final and non-appealable), (2) the consummation of the Debtors' pre-packaged chapter plan on or before May 31, 2014, and (3) Goldman Sachs's receipt in cash on the effective date of such pre-packaged plan of the sum of $10,000,000 plus any Monthly Fees then owing, on account of its unpaid fees under the Engagement Letter; and provided further that, except as provided in decretal paragraph 6 of this Order, Goldman Sachs has agreed that the Debtors' obligation to reimburse Goldman Sachs for the fees and disbursements of its attorneys shall be limited, during the pendency of these chapter 11 cases, to amounts related to services performed and expenses incurred in connection with applications for retention and compensation. Nothing in this Order or in the record relating to the Court's consideration of the Application shall bind Goldman Sachs to the foregoing agreement if any of the three foregoing conditions is not met.

3. Except as set forth in the next decretal paragraph, all compensation and reimbursement of expenses payable to Goldman Sachs shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the

standards of review set forth in section 330 of the Bankruptcy Code. For the avoidance of doubt, the entirety of the Engagement Letter, including without limitation <u>Annex A</u> thereto, is hereby approved.

4.   This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Goldman Sachs's compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Goldman Sachs's compensation.

5.   Goldman Sachs shall file one or more applications for allowance of compensation and reimbursement of expenses. However, notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines or other guidelines or Orders of this Court: (i) Goldman Sachs's restructuring professionals shall be required only to maintain records (in summary format) of services rendered during these chapter 11 cases, which records shall consist of brief summary descriptions of those post-petition services, the approximate time expended in providing such post-petition services (in half-hourly increments) and the identity of the restructuring professionals who provided such post-petition services; (ii) Goldman Sachs's restructuring professionals shall not be required to keep time records on a "project category" basis; (iii) Goldman Sachs's non-restructuring professionals and personnel in administrative departments (including legal) shall not be required to maintain any time records; and (iv) Goldman Sachs shall not be required to provide or conform to any schedule of hourly rates.

6.   The indemnification, contribution and reimbursement provisions included in

Annex A to the Engagement Letter are hereby approved pursuant to section 328(a) of the Bankruptcy Code, subject only to the following modifications:

(a) The Debtors shall have no obligation to indemnify Goldman Sachs, or provide contribution or reimbursement to Goldman Sachs, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Goldman Sachs's gross negligence, willful misconduct, or bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege breach of Goldman Sachs's obligations to maintain the confidentiality of non-public information, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company, et al.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled without the Debtors' consent prior to a judicial determination as to Goldman Sachs's gross negligence, willful misconduct, bad faith or self-dealing (without written consent) but determined by this Court, after notice and a hearing, to be a claim or expense for which Goldman Sachs should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter.

(b) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Goldman Sachs believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter, including, without limitation, the advancement of defense costs, Goldman Sachs must file an application therefor in this Court, and the Debtors may not pay any such amounts to Goldman Sachs before the entry of an order by this Court approving the payment. This subparagraph (b) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Goldman Sachs for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, Goldman Sachs. All parties in interest shall retain the right to object to any demand by Goldman Sachs for indemnification, contribution and/or reimbursement.

(c) Contribution shall not be available to Goldman Sachs under the Engagement Letter to the extent that Goldman Sachs's gross negligence, willful misconduct, bad faith or self-dealing (without written consent) is finally determined by a court or arbitral tribunal to have primarily caused the applicable loss, claim, damage or liability; provided that Goldman Sachs shall retain any rights it may have to contribution at common law.

7. This Order shall be binding upon the Debtors and any successor thereto (including, without limitation, any trustee or examiner appointed or elected under chapter 7 or chapter 11 of the Bankruptcy Code in any of the Debtors' cases) in all circumstances and all other parties in interest, including, without limitation, any committee appointed in these cases.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are hereby authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. To the extent any express term of this Order is inconsistent with the Application or the Engagement Letter, the express term of this Order shall govern.

11. Notwithstanding anything to the contrary in the Engagement Agreement, during the pendency of these chapter 11 cases, as to any dispute affecting or relating to the Debtors, (a) this Court shall have and retain jurisdiction with respect to all matters arising from or related to the Engagement Agreement and the implementation, interpretation, and enforcement of this Order; and (b) any dispute arising under the Engagement Agreement shall be submitted, in the first instance, to this Court for resolution.

Dated: April 21, 2014

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

CH\1808850.2

6