IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., *et al.*,[1] | ) | Case No. 14-10717_(KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered)  *Re: #88, 94 151* |

**ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014(a) AND 2016, AND LOCAL BANKRUPTCY RULE 2014-1 AND 2016-2, AUTHORIZING THE RETENTION AND EMPLOYMENT OF OBERON SECURITIES, LLC AS THE DEBTORS' INVESTMENT BANKER AND FINANCIAL ADVISOR, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon consideration of the application (the "Application")[2] of the Debtors for entry of an order under sections 327 and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the employment and retention of Oberon Securities, LLC ("Oberon") as the Debtors' investment banker and financial advisor, *nunc pro tunc* to the Petition Date, pursuant to the terms of that certain engagement letter, dated as of October 5, 2009, between Oberon and the Debtors (as amended by those certain letter agreements dated March 7, 2010 and July 12, 2010, respectively, the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ablest Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT LLC (0793). The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara CA 93105.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

2

"Engagement Letter"); and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and determined that the employment of Oberon is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest and that the terms of the compensation being sought by the Application as set forth in the Engagement Letter are reasonable; and this Court having considered the Declaration of Adam Breslawsky (the "Breslawsky Declaration") filed in support of the Application; and the Court finding that Oberon (i) neither holds nor represents an interest adverse to the interest of the estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason, (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, (iii) is not and was not, within two years of the Petition Date, a director, officer or employee of the Debtors, and (iv) is not a creditor, equity security holder or insider of the Debtors; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is granted as set forth herein.

2.  The Debtors are authorized to retain and employ Oberon as their investment banker and financial advisor in these Cases pursuant to the terms and conditions set forth in the Engagement Letter, *nunc pro tunc* to the Petition Date.

3.  Except to the extent set forth herein, the Engagement Letter, including, without limitation, the Fee Structure, is approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse, and indemnify Oberon in accordance with the terms and conditions, and at the times specified, in the Engagement Letter; provided, however, that Oberon has agreed to a cap of $3,500,000 for its post-petition Monthly Fees and its cash compensation on account of the Transaction Fee, the Equity Financing Fee and the Special Financing Fee only upon satisfaction of each of the following conditions: (1) the entry of the Order approving this Application (and such Order becoming final and non-appealable); (2) the consummation of the Plan on or before May 31, 2014; and (3) Oberon's receipt in cash on or before the effective date of such Plan of the sum of $3,500,000 on account of its unpaid fees under the Engagement Letter. Nothing in this Order or in the record relating to the Court's consideration of the Application shall bind Oberon to the foregoing cap on its compensation if any of the three foregoing conditions is not met.

4.  Oberon shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; provided, however, that the requirements of the Bankruptcy Code, the Bankruptcy Rules, the U.S. Trustee Guidelines and

Local Rule 2016-2 are hereby modified such that Oberon's professionals shall be required only to keep summary time records in half-hour increments, and Oberon's professionals shall not be required to keep time records on a project category basis.

5. Oberon shall be compensated in accordance with the terms of the Engagement Letter and, in particular, all of Oberon's fees and expenses in the Cases are hereby approved pursuant to section 328(a) of the Bankruptcy Code. Notwithstanding anything to the contrary herein, the fees and expenses payable to Oberon pursuant to the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee. This Order and the record relating to the Court's consideration of the application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Oberon's compensation and expense reimbursements under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Oberon's compensation.

6. The indemnification, contribution and reimbursement provisions set forth in Annex A to the Engagement Agreement are approved, subject during the pendency of these Cases to the following modifications:

    a. Subject to the provisions of subparagraphs (b) and (d) below, the Debtors are authorized to indemnify the Indemnified Parties in accordance with the Engagement Letter for any claim arising from, related to or in connection with the services described in the Engagement Letter; <u>provided, however</u>, that the Indemnified Parties shall not be indemnified for any claim arising from services other than the services provided under the Engagement

5

Letter, unless such services and the indemnification, contribution or reimbursement therefor are approved by this Court; and

    b. Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify the Indemnified Parties or provide contribution or reimbursement to the Indemnified Parties for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from the Indemnified Parties' gross negligence or willful misconduct, or (ii) for a contractual dispute in which the Debtors allege breach of the Indemnified Parties' obligations under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to In re United Artists Theatre Co., et al., 315 F.3d 217 (3d Cir. 2003), or (ii) settled prior to a judicial determination as to the Indemnified Parties' gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which the Indemnified Parties should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

    c. If, during the pendency of the Cases, the indemnification provided in Annex A to the Engagement Letter is held unenforceable by reason of the exclusions set forth in subparagraph (b) above (i.e., gross negligence, willful misconduct or for a contractual dispute in which the Debtors allege the breach of the Indemnified Parties' obligations under the Engagement Letter unless the Court determined that indemnification would be permissible pursuant to the United Artists decision) and the Indemnified Parties make a claim for the payment of any amounts by the Debtors on account of the Debtors' contribution obligations, then the limitations on the Indemnified Parties' contribution obligations set forth in the second and third sentences of the second paragraph of Annex A shall not apply; and

    c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Cases, the Indemnified Parties believe that they are entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, the Indemnified Parties must file an application before this Court, and the Debtors may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution or reimbursement and not as a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Parties.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

10. Notwithstanding anything to the contrary in the Engagement Letter, during the pendency of these Cases, this Court shall retain exclusive jurisdiction over (i) any dispute arising out of or relating to the Engagement Letter and (ii) all matters arising from or related to the implementation of this Order.

Dated: April 21, 2014

Honorable Kevin J. Carey
United States Bankruptcy Judge