# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., et al.,[1] | ) | Case No. 14-10717 (KJC) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | *Objections due: 5-5-14* |

## DISCLOSURE AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

### (Buynak, Fauver, Archbald & Spray, LLP)

| | | |
|---|---|---|
| STATE OF CALIFORNIA | ) | |
| | ) | ss. |
| COUNTY OF SANTA BARBARA | ) | |

      I, S. TIMOTHY BUYNAK, hereby declare that the following is true to the best of my knowledge, information and belief:

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ablest, Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT LLC (0793). The mailing address for each of the Debtors is: 8320 State Street, Santa Barbara, CA 93105.

1

I am the Managing Partner of Buynak, Fauver, Archbald & Spray, LLP (the "Firm") which maintains offices at 820 State Street, 4th Floor, Santa Barbara, California 93101.

This Affidavit is submitted in connection with an order of the United States Bankruptcy Court for the District of Delaware, dated April 21, 2014, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "chapter 11 cases").

The Firm, through me and other attorneys of the Firm, have represented and advised the Debtors in conjunction with corporate, employment, contracts, leases and other legal matters with respect to the Debtors' businesses, since February 1, 2004.

The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with respect to such matters. Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors: corporate, employment, contracts, leases and other legal matters with respect to the Debtors' businesses, including without limitation, maintenance of Debtors' corporate and regulatory compliance (statutory filing requirements), employment disputes defense, contracts, real estate contracts, internal corporate governance (such as unanimous consent actions, minutes, and other Board actions) and other legal matters in support of Debtors' businesses, including all corporations and limited liability companies comprising the Debtors.

The Firm's current customary hourly rates, subject to change from time to time, range from $550.00 per hour to $350.00 per hour, as work is provided through the most efficient, competent attorney to accomplish. In the normal course of business, the Firm revises its hourly rates on January 1st of each year and requests that effective as of January 1st of each year, the aforementioned rates be revised to the regular hourly rates of the Firm which will be in effect at that time.

To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any employee hereof has any connection with the Debtors or currently represents any of their creditors, other parties in interest, the Office of the United States Trustee, or any person employed by the Office of the United States Trustee with respect to the matters upon which it is to be engaged, and the Firm does not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates, or any class of creditors or equity interest holders, except as noted below.

The Debtors provide temporary personnel services to thousands of customers throughout 48 states. The Firm has represented and represents clients, including debtors in possession, that use or may have used staffing services provided by one or more of the Debtors, in some instances causing one or more of the Debtors to appear in the creditor matrix for such clients. The Firm believes such former and current clients of the Firm utilized the Debtors' staffing services in the ordinary course of their and the Debtors' businesses. The Firm is not aware of any representation of any clients in any claims against the Debtors or the Debtors in any claims against former or current clients, and there is no known or anticipated adversity between the Firm, current clients and the Debtors in connection with the Cases. The Firm has not disclosed these clients here due to the sensitive nature of the identity of the Debtors' customers as well as the lack of any known adversity. The Firm will update its disclosure to this Court in the event it discovers any previously unknown adversity between the Debtors and other former or current clients.

Thus, I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such services impair the Firm's ability to represent the Debtors in the ordinary course in these chapter 11 cases.

3

In addition, although unascertainable at this time after due inquiry, due to the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters entirely unrelated to the Debtors and their estates. The Firm does not and will not represent any such entity in connection with these pending chapter 11 cases and does not have any relationship with any such entity, attorneys, or accountants that would be adverse to the Debtors or their estates.

The Firm's process of ascertaining what, if any, connection it may have with any interest adverse to the Debtors, their estates, or any class of creditors or equity interest holders, consists of reviewing the Firm's consolidated database of clients and prospects to be clients, in which any adverse relationship to the Debtors would be identified. There is no such identification of any conflict or adversity in our conflicts search database.

In the past year, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received. The Firm is currently owed $36,522.17 on account of such prepetition services.

In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matters in which the Firm will be engaged.

Except as set forth herein, no promises have been received by the Firm or any partner, associate, or other professional thereof as to compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the <u>Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware</u>, and orders of this Court.

The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these chapter 11 cases with any other party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(b).

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Dated:  April 21, 2014                     BUYNAK, FAUVER, ARCHBALD & SPRAY, LLP

                                           By: _____
                                               S. TIMOTHY BUYNAK
                                               820 State St., 4th Floor
                                               Santa Barbara, CA 93101
                                               (805) 966-7000

Sworn to before me, *Jacquelyn M Coash*, this 21st day of April, 2014.

_____
Notary Public

JACQUELYN M. COASH
Commission # 1920366
Notary Public - California
Santa Barbara County
My Comm. Expires Jan 3, 2015

5

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen, and not a party to the within action. My business address is 820 State Street, 4th Floor, Santa Barbara, CA 93101. On April 22, 2014, I served the within document:

### DISCLOSURE AFFIDAVIT OF ORDINARY COURSE PROFESSIONAL

__X__ **By Mail:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Santa Barbara, addressed as set forth below.

_____ **By Hand Delivery:** By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

_____ **By Overnight Delivery:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the address(es) set forth below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

_____ **By Facsimile:** I sent such document from facsimile machine (805) 966-7227. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (805) 966-7227 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed to the parties listed below.

### SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Executed on April 22, 2014, at Santa Barbara, California.

Jacquelyn Coash

Jacquelyn Coash

6

<u>In Re: ABLEST, INC., etc., et al.</u>

**Chapter 11**

**Case No.:  14-10717 (KJC)**

**SERVICE LIST**

| FIRM | ROLE |
|---|---|
| Jeffrey N. Pomerantz<br>Pachulski Stang Ziehl & Jones<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067-4100 | **Proposed Counsel for Debtors** |
| Debra Grassgreen<br>Pachulski Stang Ziehl & Jones<br>150 California Street, 15th Floor<br>San Francisco, CA 94111 | **Proposed Counsel for Debtors** |
| Kenneth S. Ziman<br>Skadden Arps Slate Meagher & Flom, LLP<br>4 Times Square<br>New York, NY 10036 | **Proposed Counsel for Debtors** |
| Glenn S. Walter<br>Skadden Arps Slate Meagher & Flom, LLP<br>300 S. Grand Ave., Suite 3400<br>Los Angeles, CA 90071 | **Proposed Counsel for Debtors** |
| Office of the U.S. Trustee<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, DE 19801 | **Trustee** |

7

DMSBLIB\40428.v2