IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ABLEST INC., et al.,[1] | ) | Case No. 14-10717 (KJC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**DECLARATION OF ROBERT OLSON IN SUPPORT OF
JOINT PLAN OF REORGANIZATION FOR ABLEST INC., ET AL.**

I, Robert Olson, being fully sworn, hereby depose and say:

1. I am the Vice President of Finance and Corporate Controller of each of the debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors" or the "Company"). I joined the Debtors in 2006 and oversee the Company's financial reporting, accounting, treasury, tax, payroll and accounts receivable departments. I am a Certified Public Accountant (inactive), a Certified Fraud Examiner, and have testified as an expert witness in several court cases involving fraud. I have a degree from Brigham Young University with a B.S. in Accounting, which I received in 1984.

2. I submit this declaration (the "Declaration") on behalf of the Debtors in support of confirmation of the *Joint Plan of Reorganization for Ablest Inc., et al* [Docket No. 20] (the "Plan") and approval of the *Disclosure Statement for the Prepackaged Joint Plan of*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers are: Ablest Inc. (8462); Koosharem, LLC (4537); New Koosharem Corporation (9356); Real Time Staffing Services, Inc. (8189); Remedy Intelligent Staffing, Inc. (0963); Remedy Staffing, Inc. (0080); RemedyTemp, Inc. (0471); Remedy Temporary Services, Inc. (7385); RemX, Inc. (7388); Select Corporation (6624); Select Nursing Services, Inc. (5846); Select PEO, Inc. (8521); Select Personnel Services, Inc. (8298); Select Specialized Staffing, Inc. (5550); Select Temporaries, Inc. (7607); Select Trucking Services, Inc. (5722); Tandem Staffing Solutions, Inc. (5919); Westaff, Inc. (6151); Westaff (USA), Inc. (5781); Westaff Support, Inc. (1039); RemSC LLC (8072); and RemUT LLC (0793). The mailing address for each of the Debtors is: 3820 State Street, Santa Barbara, CA 93105.

*Reorganization for Ablest Inc., et al. under Chapter 11 of the Bankruptcy Code* ("Disclosure Statement")[2] [Docket No. 21] prepared and submitted by the Debtors under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

    3.    In my capacity as the Vice President of Finance and Corporate Controller, I am familiar with the Debtors' day-to-day operations, financial condition, business affairs and books and records. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by the Debtors' personnel in departments within the various business units of the Debtors; my review of the Debtors' books and records as well as other relevant documents; my discussions with other members of the Debtors' management team and the Debtors' advisors; or my opinion based upon experience, expertise and knowledge of the Debtors' operations and financial condition. In making my statements based on my review of the Debtors' books and records, relevant documents and other information prepared or collected by the Debtors' employees and advisors, I have relied upon these employees and advisors accurately recording, preparing, collecting or verifying any such documentation and other information. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

**The Plan is Feasible**

    4.    In connection with the development of the Plan, the Debtors analyzed their ability to satisfy their financial obligations while maintaining sufficient liquidity and capital resources. In this regard, the management of the Company, including myself, with the assistance of AP Services, LLC ("AlixPartners") and FTI Consulting, Inc., developed and refined a business plan and prepared the pro forma financial projections attached to the Disclosure

---

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Plan or Disclosure Statement.

Statement as Exhibit C (the "Projections") for the years ending December 28, 2014 through December 30, 2018. The Projections were prepared on a consolidated basis and include all Debtor entities, and Decca Consulting, Inc., Decca Consulting Ltd, Resdin Industries, Inc. and Vaughan Business Solutions, Inc.

5. In general, the Projections demonstrate that with the significantly de-leveraged capital structure provided under the Plan and the return to trade terms and increased liquidity, the Reorganized Debtors should have sufficient cash flow and availability to make all payments required pursuant to the Plan while conducting ongoing businesses operations. The Projections demonstrate that confirmation and consummation of the Plan, therefore, is not likely to be followed by the liquidation or further reorganization of the Reorganized Debtors.

6. I worked directly with AlixPartners in reviewing the various assumptions and the build-up of the revenue and cost projections of the Debtors. In addition, I have reviewed the various presentations to stakeholders and potential investors prepared by the Company and its advisors. Due to my role at the Company, my knowledge of Decca Consulting, Inc., Decca Consulting Ltd, Resdin Industries, Inc. and Vaughan Business Solutions, Inc., and my involvement in the business planning process, I have extensive knowledge of the analysis, key assumptions and underlying data that was used to develop the Projections.

7. Based on the extensive business planning process that the Company undertook in developing the Projections, as well as my understanding of the assumptions underlying them and the analysis above, and under the assumption that the Company will be well managed and will follow the business plan underlying the Projections, I believe that the Projections are reasonable, subject to the risks described in the Disclosure Statement. Further, as

noted above, upon emergence, the Company will be significantly deleveraged and have increased liquidity.

8. Based on the above, I believe that the Reorganized Debtors will have sufficient operating cash to pay interest and scheduled amortization on all of their outstanding indebtedness and to fund anticipated capital expenditures relating to ongoing business operations as contemplated by the Plan. Moreover, based on my review of the Projections, I believe that, as of the Effective Date and after taking into account the transactions contemplated by the Plan, the Reorganized Debtors will, on a consolidated basis, and subject to the risks described in the Disclosure Statement, (i) be able to meet their debts as such debts mature, (ii) not be left with unreasonably small capital to operate their businesses as a result of the Plan or any transactions contemplated by the Plan, and (iii) be solvent.

9. Finally, based on my analysis of, among other things, the Debtors' business strategy, Projections and exit financing facilities, I am of the opinion, to a reasonable degree of certainty, that the Plan is feasible – that is, confirmation of the Plan is not likely to be followed by the liquidation of the Reorganized Debtors or by the need for a further financial reorganization of the Reorganized Debtors under chapter 11 of the Bankruptcy Code.

**The Plan Does Not Provide for Any Rate Change Subject to Regulatory Approval**

10. Bankruptcy Code section 1129(a)(6), which I understand relates to debtors whose rates are subject to governmental regulation following confirmation, does not apply here because there is no governmental regulatory commission that has jurisdiction over the Debtors' or the Reorganized Debtors' rates.

**Payment of Retiree Benefits**

11. The Debtors do not maintain any "retiree benefits" as defined in section 1114 of the Bankruptcy code, as such Bankruptcy Code provision has been explained to me.

Therefore, Bankruptcy Code section 1129(a)(13) of the Bankruptcy Code, which I understand requires that a plan of reorganization provide for the continuation of retiree benefits at the levels and for the duration of the period that the debtor has obligated itself, is not applicable.

### Conclusion

12. I hereby reserve my right to amend the testimony set forth herein as necessary at the hearing to consider confirmation of the Plan.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of May, 2014.

/s/ *Robert Olson*
Robert Olson
Vice President of Finance, and
Corporate Controller